1

**FILED**

JAN 2 8 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| VRP LAW P.C.   a/k/a or d/b/a<br>VRP Law Group,<br><br>     PLAINTIFF,<br><br>v.<br><br>MUDD LAW OFFICES, and<br>CHARLES MUDD,<br><br>DEFENDANTS. | )<br>)<br>)<br>)<br>)<br><br><br>1:15-cv-00880<br>Judge Edmond E. Chang<br>Magistrate  Judge Young B. Kim<br><br><br>) |

**COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT,
INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS,
ILLINOIS MECHANIC'S LIEN ACT AND ILLINOIS RIGHT OF PUBLICITY
ACT**

**NOW COMES,** the Plaintiff, VRP Law P.C. aka VRP Law Group ("Plaintiff")

by its attorneys, VRP Law Group in its Complaint against the Defendants, Charles Mudd,

and Mudd Law Offices", and ("Defendants Mudd") the Plaintiff, alleges and states as

follows:

**PARTIES AND FEDERAL COURT AND
SUPPLEMENTAL JURISDICTION**

1. Upon information and belief, Defendants have failed to pay an outstanding
   balance of legal fees in an amount of approximately $7,500.00.

2. Defendants are obligated to pay the remaining balance of the legal fees under the
   engagement agreement that was executed with VRP Law Group.

3. Laurie and Ben (hereafter "Clients" for Client Matter LS43IPandHarassment and
   LS43IPDisputeandLitigation) individually, signed an engagement agreement to

1
Copyrights Retained 2015

pay the full and final balance of hourly legal fees for reasonable work performed by VRP Law Group.

4. Defendant Mudd Law Offices interfered with VRP Law Group's business, contractual and engagement agreement with VRP Law Group and its remaining clients.

5. Defendants Mudd Law Offices are located at 3114 West Irving Park Road, Suite 1W, Chicago, IL 60618.  VRP Law Group's Offices are located at 320 N. Damen Ave., Suite C-208, Chicago, IL 60612.

6. Third Party's Scout is located at 320 N. Damen Ave., Suite C-206, Chicago, IL 60612.

7. Upon information and belief, without delving into irrelevant subject matter Scout may become a necessary party for discovery and other evidence gathering purposes.

8. Subject matter jurisdiction is appropriate under the Lanham Act and the US Copyright Act's protection of Moral Rights of Authors under *section 106 (a)*. *(See 28 USC 1331)*.   Supplemental jurisdiction is proper for the Illinois Right of Publicity Act and Illinois Mechanic's Lien Act for *28 USC 1367*.

9. Venue is proper in the Northern District of Illinois, Eastern Division under *28 USC 1391*.

10. At present, based on some investigation and evidence appears to implicate Scout in misconduct and unfairly competitive activities relating to VRP Law Group's IT Audit practices.

11. Hopefully this illustrates the extent some individuals or interested third parties take advantage of Victims to put someone out of business by hacking, harassing, and modifying the software license agreements and the complex system settings of computers, such as, cell phones, tablets and laptops.

**VRP Law Group's Efforts to Protect Against The Dangers Created by Extremely Motivated Hackers, Harassers, and Retaliators, Including the Very Real Civil Rights Violations Regarding the Requirement for a Properly Authorized Search Warrant by Private Citizens Misleading Others.**

12. VRP Law Group has also pitched some spinoffs or related business solutions to a number of its Clients designed to meet the challenges presented by Extremely Motivated Hackers, Harassers and Retaliators into an opportunity to learn new ways of assisting victims, create profitable activities to create innovation, protect civil rights, increase data security and spur job creation.

Copyrights Retained 2015

13. Moreover, Scout may further become suspected or shown to be interfering with VRP Law Group's business and operational procedures to decrease the financial strength or viability of the Law Firm, its Owners, Contractors and Employees.

14. Scout is further suspected of potentially interfering with VRP Law Group's Clients' business or related operational procedures to create false appearances and further restrict VRP Law Group's contractors and employees from communicating with its Clients.

15. As discussed there is an Extremely Motivated Hacker, Harasser and Retaliator, by the name of Jon Ferguson that may also become a necessary party. John Ferguson is an individual and a former co-tenant at Level Office, 73 West Monroe Street, Suites 201 and 203, Chicago, IL 60603.

16. Jon Ferguson is one such, Extremely Motivated Hacker, Harasser and Retaliator that may become a necessary third party for discovery and evidence gathering purposes.

17. Based on Mr. Ferguson's motivation and desire to continue to interfere with VRP Law Group's business or operations and extremely high desire to take away its Managing Attorney's integrity through repeated instances of hacking, harassment and retaliation of misled third parties.

18. Further, based on past experience and evidence gathered to date, another Extremely Motivated Hacker, Harasser, and Retaliator by the name of Serge Bieberman has also lied and attempted to and may still continue to misrepresent VRP Law Group's business practices and acquire clients using unfairly competitive tactics to prevent it from succeeding.

19. Serge Bieberman is a former partner that previously engaged in some unfairly competitive activities designed to interfere with VRP Law Group and its Managing Attorneys ability to create, operate and own his own law firm through the efficient use of technology and operational manuals; daily, weekly, and monthly reports, and practice specific databases and forms.

20. Depending on evidence gathered to date, Serge Bieberman is an individual that has attempted in the past to restrict VRP Law Group's abilities to compete in the areas of corporate, mergers and acquisitions, employment, intellectual property and complex commercial litigation.

21. This motivation appears to stem from the desire to acquire clients through less than scrupulous endeavors such as hacking, harassing and/or retaliation and creating false appearances of Victims.

22. Her political campaign focused on transparency and accountability and this provided her with the motivation desire and focus on American Values, including the time to spend with families and protecting technology for the efficient use of

Copyrights Retained 2015

creating jobs by entrepreneurs, small business owners, midsize companies, family owned businesses and Fortune 500 companies.

23. These two individuals and a third individual by the name of Tony Kantor were the impetus for an effort to create a Victims Bill of Rights, drafted and presented by the former Lt. Governor Sheila Simon.

24. Sheila Simon was motivated to assist Victims in pursuing the American Dream and protect their Civil Rights, Legal Rights to gather and preserve evidence and protect the enhanced Privacy Rights provided by the IL Constitution.

## VRP LAW GROUP'S COMMON EFFORTS TO PROTECT THE BENEFITS OF TECHNOLOGY AND INNOVATING VICTIMS THAT CREATE BETTER SERVICES AND PRODUCTS FOR AMERICANS TO PROVIDE GREATER EMPLOYMENT OPPORTUNITIES.

25. These Extremely Motivated Hackers, Harassers and Retaliators repeatedly victimize and harass entrepreneurs, competitors, hardworking and honest citizens and good politicians attempting to assist Americans continue to chase after the American Dream.

26. These individuals repeatedly utilize hacking, harassing and retaliatory actions knowingly interfering with the Victim's ability to say "No" to their demands. Sometimes going as far as to interfere with the professionals' ability to directly discuss and communicate with their clients, access clients' records or lists, intellectual property without a pre-hacking search warrant or any other legally permissible methods.

27. Moreover, these Extremely Motivated Hacker, Harassers and Retaliators utilize business methods that enable interested third parties to use unsavory business and anticompetitive business practices to hurt the Victims further, either, by taking one client at a time, repeatedly stealing money or intellectual property.

28. To protect against these unsavory and anticompetitive business methods and tactics that decrease the American Citizen's ability to contribute to the local economy, City of Chicago, Illinois and the American Way of Life--VRP Law Group has created a fund for Victims called "The VRP Law Group Fund for Victims of Hacking and Harassment NFP."

29. Defendants Mudd has interfered with collection efforts, misstated the law, vilified and defamed VRP Law Group's business practices, and engaged in an effort to avoid payment of the full amount of the legal fees in full.

    a. Upon information and belief, Defendants Mudd relied on rumors that may have been originated by John Ferguson and/or Serge Bieberman that violated Plaintiff's Illinois Right of Publicity.

Copyrights Retained 2015

b. By relying upon these rumors and actually asserting allegations of some harassment or crazy stories about the business practices of VRP Law Group and absurd threats about ARDC Complaints, the Defendants have improperly created a false perception of VRP Law Group and its Owner.

c. During the months of May and June of 2014, VRP Law Group and its Managing Attorney were dealing with a variety of medical issues that prevented him from working a regular scheduled on occasions.

d. VRP Law Group its three employees and two contractors were working diligently to assist Laurie and Ben. In fact, Vihar R. Patel, worked three consecutive days of 14 to 15 hours. Until, 1:30 am CST, 11:30 pm CST, and 1:00 PM CST for a mediation with Michael Leech and Mike Hallerudd at Nixon Peabody.

e. However, at all times, VRP Law Group satisfied its professional obligations to its Clients.

f. VRP Law Group was able to mediate and negotiate a resolution that would have permitted a high five figure settlement" for Laurie and Ben."

g. However, Clients wanted to ensure that the settlement agreement and the control over the copyrighted works remained in their hands.

h. Nevertheless, VRP Law Group and its contractors and employees took the time to make sure that we thoroughly researched and provided the highest quality of legal services.

i. Thus, there was no detriment or harm to the Clients' interests and related matters about ownership of copyrighted works and ensuring their ability to earn future royalties and rights to produce derivative works.

j. VRP Law Group further, indicated a willingness to assist with a Federal Lawsuit that the Clients and John Seymour were both anticipating.

## VRP LAW GROUP'S EXCELLENT REPRESENTATION OF CLIENTS DURING CHALLENGING INCIDENTS OF INTENTIONAL AND KNOWING HACKING, HARASSMENT AND RETALIATION BY MISUSE OF ITS TECHNOLOGY FROM ACTS OF EXTREMELY MOTIVATED THIRD PARTIES.

30. However, Defendants falsely asserted that the Managing Attorney of VRP Law Group was barred from contacting "Ben" and "Laurie" to collection on over $12,000 in legal fees, but VRP Law Group was willing to settle it for $7,500.00.

31. Previously, VRP Law Group engaged in a variety of phone calls of over an hour to an hour, in length, without billing Ben and Laurie for the full length of the

conversations. ("Emails") (*See Exhibit A-Notes are provided for the limited purpose to clarify the need to demonstrate the reasonableness of the Fee Requests for a Fee Petition and we expressly, reserve any Attorney Client Communications and Work Product Privileges*).

32. Thus, VRP Law Group provided a variety of legal services on a discounted and pro bono basis to assist the Clients get through a challenging period, and follow through on their personal and professional goals.

33. Laurie and Ben were thinking about changing law firms due to an illness that required Vihar R. Patel to be on a ventilator for about 3-5 days.

34. Moreover, Laurie and Ben's Right of Publicity, their emotional well-being and challenging business dispute with Jonathan Seymour were very complex and difficult to ensure adequate representation of Laurie and Ben's personal and professional outlook. Thus, Laurie contemplated switching law firms.

**VRP LAW GROUP'S PATIENCE AND REASONABLENESS IN ATTEMPTING TO COLLECT A LEGAL BILL OVER $12,000 BASED ON THE FOLLOWING: SENDING MORE THAN FIVE COMMUNICATIONS; REDUCTION OF THE OUTSTANDING AMOUNT TO $7500; AND REASONABLE ALLOWANCE OF MORE THAN A 180 DAYS BEFORE INITIATING LITIGATION.**

35. VRP Law Group rarely ever initiates litigation against any Clients or other Attorneys. However, under these circumstances, it is required to proceed with litigation due to an intentional effort by Defendants Mudd to interfere with collection efforts and business practices after securing Clients under absurd and ridiculous circumstances.

36. VRP Law Group is not in the business of suing Attorneys or Clients, but in this instance, it is compelled to file a lawsuit to avoid a decrease in its financial viability to meet its overhead and business needs.

37. Moreover, it appears that some individuals or interested parties are unwilling to recognize the patience, tolerance and understanding nature VRP Law Group's firm culture and instead, create false appearances that are designed to incite, provoke or elicit an escalated reaction during stressful discussions with key Clients.

38. VRP Law Group is the victim of a campaign of Deceptive and Unfair Business Practices by Defendants Mudd based on either, his mistaken reliance on one or more of the following:

  a.  False assertions, claims, or reports of its Business Practices;
  b.  Engagement Agreement with Clients;
  c.  Prospective economic advantage and projected legal fees; and

Copyrights Retained 2015

d.  VRP Law Group's ability to provide a high quality of professional legal services to all of its Clients.

39. VRP Law Group does not engage in the business of litigating for itself, other, than to clear its Brand, Name, Professional Reputation, Trademarks and False Impressions created by some Extremely Motivated Hackers, Harassers and Retaliators that are intentionally and knowingly attempting to take it and its Managing Attorney's and Clients' integrity, Intellectual Property and weaken its financial viability.

40. Moreover, VRP Law Group is concerned about making sure it is able to directly communicate with all its Clients and engage in business, efficient competition and expansion and development of internal resources.

41. VRP Law Group's focus is designed to provide a consistently high quality of legal services, maintaining the confidentiality and integrity of Clients' Records, protecting intellectual property law and ensure compliance with professional obligations.

42. Victims or Targets of such deceptive and unscrupulous business tactics are repeatedly victimized by the same or essentially another related or Extremely Motivated Hackers, Harassers, and Retaliators.

43. Nevertheless, VRP Law Group is committed to illustrating how despite a variety of challenges and/or obstacles it is possible not only, to provide a high quality of legal services, protect intellectual property, provide Clients with ways of ensuring compliance with legal rules by developing alternative methods of generating revenues.

### VRP LAW GROUP'S COMMITMENT TO THE PROTECTION OF THE AMERICAN DREAM FOR ITS CLIENTS, ENTREPRENEURS AND ENABLEMENT OF VICTIMS TO FIGHT BACK WITH EVIDENCE RATHER THAN CONJECTURE.

44. The VRP Law Group Fund for Victims of Hacking and Harassment NFP, and its new foray, into the area of providing Information Technology Audits is designed to meet this challenge "Head On."

45. VRP Law Group is a Client centric Law Firm that utilizes technology created by hard working business owners, entrepreneurs, technology professionals, accountants, doctors, therapists, other professionals and lawyers committed to the prevention of the misuse of their intellectual property.

46. The America Invents Act, the USPTO, the Cyber Crimes Bureau's effort to protect the principles of innovation, capitalism and the profits needed to recoup research and development costs are being compromised by the prevailing leniency towards repeat Victims of deceptive and unfairly competitive activities that

Copyrights Retained 2015

sometimes drive these otherwise, productive, job and revenue generating individuals into more challenging and more costly operations methods and force these Victims to be more resourceful to provide efficient consumer goods and services.

47. Victims of such Extremely Motivated efforts to intentionally Hack, Harass and Retaliate are generally unable to utilize the benefits of the technology they purchase, the investment in Intellectual Property that they develop and are often, repeatedly victimized.

48. The seemingly innocuous false leads, appearances, inferences, gossip, innuendo, rumors and pre-search warrant efforts to hack into the Victim's technology hide the desire or true motive to force the Victim to give into the demands of Extremely Motivated Hackers, Harassers and Retaliators that are not willing to take "No for an Answer."

49. Unfortunately, this has the possibility of creating ripple effects that enable, other interested, third parties to take advantage of the situation to mislead individuals, including the Victims' Clients, Business Partners, Friends, Family Members and/or Mentors.

50. Defendants Mudd is one such, individual that decided to utilize this as an opportunity to take advantage of and seize VRP Law Group's Client relationship with Laurie and Ben.

## DEFENDANTS MUDD'S EFFORTS TO ENGAGE IN DECEPTIVE BUSINESSS PRACTICES AND UNFAIRLY COMPETE WITH VRP LAW GROUP BY ATTEMPTING TO SEVER BUSINESS, CLIENT, PERSONAL AND PROFESSIONAL RELATIONSHIPS WITH LAURIE AND BEN.

51. Laurie and Ben were considering leaving for another law firm, Mudd Law Offices; but upon, Vihar's return to the Office--he spoke with Ben to discuss a possible litigation strategy that enabled Clients to remain with VRP Law Group.

52. Within, Vihar R. Patel, 1-3 hours that were not billed to the Clients: developed a legal strategy that would enable the Clients to succeed in the event of a federal lawsuit. (*See Exhibit B-Notes are provided for the limited purpose to clarify the need to demonstrate the reasonableness of the Fee Requests for a Fee Petition and we expressly, reserve any Attorney Client Communications and Work Product Privileges*).

53. Ben spoke with Vihar and stated that he would be talking with Laurie, but remains a current and future Client of VRP Law Group. Whereupon, a letter was prepared and sent to Laurie and Ben to ensure that it appropriately, summarized the conversation and followed up via email. (*See Exhibit C-Notes are provided for*

Copyrights Retained 2015

*the limited purpose to clarify the need to demonstrate the reasonableness of the Fee Requests for a Fee Petition and we expressly, reserve any Attorney Client Communications and Work Product Privileges).*

54. More importantly, whereas, Vihar stated that Defendants' Mudd was a good copyright attorney; Defendants' Mudd initiated a campaign of false allegations and fraud to taint any Client's impression of VRP Law Group.

55. On one such, occasion, Clients were fraudulently or mistakenly led by Defendants' Mudd to think that VRP Law Group was prohibited by a valid court order with opposing counsel in an email regarding payment of fees and permitted client communications. (See Exhibit D-Notes, Circles and Asterisks are for the limited purpose of clarification and guide the Judge's Clerk to the Relevant Section quickly and Plaintiff expressly reserves the Attorney Client Communications and Attorney Work Product Privileges).

56. Defendants Mudd continued this form of deceptive and misleading business practices to further dilute, disrupt, ruin, and tarnish the reputation of VRP Law Group to take away a Client earned from its legal writings and related brands, such as, the following: BIPE Blawg, EEBC-It's Just Brunch Club!, VRP Law, The VRP Law Group Fund for Victims of Hacking and Harassment NFP, and VRP Law Publishing.

57. Moreover, Defendants' Mudd attempted to limit or quite simply, take expected future revenues, elicited blatantly false defaming comments about VRP Law Group in carrying out the tactics designed to disrupt our business.

58. These deceptive and misleading business practices were designed to prevent VRP Law Group from retaining these Clients and avoid receipt of payment of their outstanding legal bills.

59. Defendants Mudd failed to consider or take any of the aforementioned into account when, asked to pay valid invoices for performance of complex transactional and litigation work.

60. Defendants' Mudd knew that the work performed was to be performed and completed on an hourly basis.

61. Defendants Mudd were never authorized or allowed to interfere with Clients obligations to pay legal fees or remove the Attorneys' Lien on any settlement recovery.

Copyrights Retained 2015

62. Defendants Mudd's confusion and misunderstandings based on rumors led them to assert that the Plaintiffs were using retainers, harassing and/or even no longer working or providing legal services. (*See Exhibit E-Notes, Circles and Asteriks are for the limited purpose of clarification and guide the Judge's Clerk to the Relevant Section quickly and Plaintiff expressly reserves the Attorney Client Communications and Attorney Work Product Privileges*).

63. Upon information and belief, Defendants Mudd also, recruited a VRP Law Group Associate by the name of Meghan Nugent to practice at his law firm.

64. Defendant Mudd's actions were not only, surprising, but unlike the crazy stories that we ignored for a long time, but spun by Mr. John Ferguson to hide evidence of hacking, harassment and retaliation; Defendants Mudd's actions with respect to Clients were direct, causally related to the lack of receiving payment of legal fees, and had a financial impact to VRP Law Group's detriment.

65. Unfortunately, there were times that it seemed like an Extremely Motivated Hacker, Harasser and Retaliator, such as, Mr. John Ferguson was eavesdropping and may, have been engaging in an effort to mislead third parties or related parties.

**OVERT APPEARANCES, EFFORTS, ACTS AND RELATED TACTICS DESIGNED TO DISRUPT VRP LAW GROUP'S EFFICIENT OPERATIONS, ENGAGEMENT AGREEMENTS WITH CLIENTS PROVIDING VITAL JOBS AND TAXABLE REVENUES TO FIGHT CYBERCRIMES, PROTECT INTELLECTUAL PROPERTY AND ENABLE QUALITY BONDING TIME WITH THEIR FAMILY.**

66. The efforts and comments seemed to be centered on VRP Law Group's business practices, client relationships, financial position, employees and contractors head counts, operational, personal or business matters that could have a significant impact upon VRP Law Group's current and/or future business, clients, and special relationships, professional reputation, and profitability.

    a. Clearly, Defendants' Mudd and some other Clients may have relied, upon these rumors and innuendo and been misled to make unreasonable claims of harassment, threaten violations of unenforceable and void court orders, flat out lie about or misrepresent the content of official court orders, and orally, threaten false disciplinary allegations.

    b. Upon information and belief, Defendants Mudd contacted VRP Law Group within 1-2 weeks of these rumors beginning to escalate. Moreover, it appeared that John Ferguson was listening into a conversation that VRP Law Group, its employees and contractors were having with Defendants Mudd on the speaker phone; and

Copyrights Retained 2015

c. At such time, we switched from the speaker phone to a handset conversation to avoid rude commentary coinciding with our conversation and/or other such similar noises from Mr. Ferguson's Office.

d. These comments and some technical glitches increased the amount of times spent by VRP Law Group and its Contractors and Employees on performing client work at a slower and less efficient rate. Obviously, this decreased the time available to bond with family, friends and loved ones.

e. Although these coinciding comments seemed related to some activity on VRP Law Group's computers, at times it also appeared to be intended to annoy, distract, frustrate, harass, intimidate, and/or prevent the efficient operations of VRP Law Group.

## DEFENDANTS MUDD'S POTENTIAL MISUSE OF THE UNPUBLISHED COPYRIGHTED WORKS AND/OR RELATED ATTORNEY WORK PRODUCTS AND UNDERHANDED DELAYING TACTICS

67. Defendants Mudd failed to act reasonably and failed to timely respond and further dragged out the discussions that routinely are resolved rather expeditiously. It seemed that there was an effort to increase and drag out the amount of outstanding monies or funds owed to VRP Law Group.

68. Defendants Mudd, even went so, far as to assert that "VRP Law Group uses retainers" "harasses clients" for seeking collection of fees in compliance with the Fair Debt and Collections Practices Act. (*See Exhibit F-Attached Collections Letter-Notes are provided for the limited purpose to clarify the need to demonstrate the reasonableness of the Fee Requests for a Fee Petition and we expressly, reserve any Attorney Client Communications and Work Product Privileges).*"

69. Defendants Mudd falsely asserted that "there was a Court Order restraining Vihar, and VRP Law Group from contacting Laurie and Ben." (*See Exhibit G-Notes are provided for the limited purpose to clarify the need to demonstrate the reasonableness of the Fee Requests for a Fee Petition and we expressly, reserve any Attorney Client Communications and Work Product Privileges).*

70. In addition to the above, Defendants engaged in the following efforts to dilute, ruin, tarnish the professional reputation and business practices of VRP Law Group and its employees and contractors:

Copyrights Retained 2015

a. Defendants Mudd falsely claimed that VRP Law Group used retainers instead of, acknowledging that it used fee deposits as security against nonpayment.

b. Defendants Mudd falsely asserted that VRP Law Group engaged in harassment instead of routine collection efforts to recover an outstanding bill.

c. Ironically, Vihar R. Patel and VRP Law Group acquired or procured Laurie and Ben as Clients based on its commitment to providing current, relevant and concise online business, entrepreneurship and legal articles and journals. Such as, the following: www.bipeblawg.com, www.eebrunchclub.com, www.chicagotrialcounsel.com, www.iptrialcounsel.com, and www.chicagoentrepreneursattorney.com

## Count I
## Federal and Common Law Trademark Infringement

37. Defendants Mudd made a false or misleading statement of material fact relating to the following in communications with a Client and other consumers or individuals with special relationships or prospective client relationships relating to the following:

a) Plaintiff's business practices;
b) Billing and payment practices;
c) Use of engagement agreements, including falsely asserting that attorney retainers were used instead of fee or security deposits;
d) False allegations relating to its collections practices with respect to legal fees;
e) False allegations of harassment;
f) False allegations of disclosure of litigation strategy in a confidential settlement communication to an opposing attorney;

38. Defendants Mudd made the aforementioned statements with the intent to deceive and mislead Plaintiff's consumers;

39. Defendants Mudd had a tendency to deceive the Plaintiff's consumers in the Chicago land area with respect to Plaintiff's efficient business and operations procedures;

40. Defendants Mudd was able to deceive at least one or more consumers in Plaintiff's industry and geographic market;

Copyrights Retained 2015

41. Defendants Mudd was one of a few individuals or entities that disseminated such false and misleading statements in commerce at least in the market for legal services in Illinois;

42. Defendants Mudd false and misleading activities have had some detrimental or substantial impact on Plaintiff's business, including acquisition of new consumers and receiving payments from existing Clients; and

43. Plaintiff has suffered a loss in sales, revenues, and a direct loss of at least one client, $10,000 in legal fees, and additional lost profits and revenues;

WHEREFORE, Plaintiff demands judgment against the Defendants Mudd for the following remedies:

a) A retraction of any and all false and misleading statements in an manner designed to alleviate any such confusion about Plaintiff's business practices;

b) A request for destruction of any false and misleading statements that were published to any third parties in any written mediums;

c) A request for disgorgement of any funds, licensing revenues, lost profits, monies or sales revenues, receipt of legal fees from Clients that were acquired as direct result of the false and misleading infringement of trademarks;

d) A request for treble damages for willful infringement and exemplary damages, costs and including attorneys' fees;

e) A request for at least $10,141.00 in monies and related matters that will assist the Clients' in ensuring prompt payment;

f) Other Equitable, Injunctive or Plenary relief the Court deems fair and just too fully remedy the harm to the Plaintiff.

## Count II
### Federal and Common Law Copyright Infringement

44. Plaintiff alleges that Defendants Mudd infringed its copyrighted works;

45. Plaintiff owns the right to register these unpublished works, because he is the Author and Owner of these copyrighted works;

46. Plaintiff's Moral Rights under 35 U.S.C Section 106 (a) relating to attribution and integrity have been violated by Defendants Mudd; and

Copyrights Retained 2015

47. Defendants Mudd copied protected expression in Plaintiff's copyrighted published and published works.

48. Defendants Mudd distributed protected expression in Plaintiff's copyrighted unpublished works.

WHEREFORE, Plaintiff demands judgment against the Defendants Mudd for the following remedies:

g) A Decree ordering a retraction of any and all false and misleading statements in an manner designed to protect Plaintiff's rights to attribution and integrity;

h) A Decree ordering a request for destruction and seizure of any infringing works, derivative works and related works;

i) A Decree ordering a request for disgorgement of any funds, legal fees, licensing revenues, lost profits, monies or sales revenues that were acquired as direct result of the copyright infringement;

j) A Decree ordering request for statutory damages and a reasonably royalty for any infringing works; and

k) A Decree Request for at least $10,141.00 in monies, costs, and related matters that will assist the Clients' in ensuring prompt payment.

l) Other Equitable, Injunctive or Plenary relief the Court deems fair and just too fully remedy the harm to the Plaintiff.

## Count III
### Intentional Interference with Engagement Agreement

### With VRP Law Group

49. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs 1-49, including the subparagraphs contained therein, as if set forth fully, herein.

50. Defendants Mudd has interfered with Plaintiff's receipt of the material benefits of the engagement agreement with Clients.

51. Defendant Mudd has continued interfere with Plaintiff's ability to collect from clients under the engagement agreement.

52. Defendant Mudd has purposefully and intentionally withheld monies owed under an attorneys lien in the Engagement Agreement provided herein as in Exhibit H.

Copyrights Retained 2015

53. Defendant Mudd has intentionally interfered with Plaintiff from receiving reasonable legal fees of $7,500.00

WHEREFORE, Plaintiff demands judgment against Defendants Mudd for the following remedies:

a) Defendants' Mudd be ordered to provide $10,141.00, any and all sales, lost revenues, lost profits, legal fees and/or related monies from the Clients and the rights under Attorney's Lien Provision under the Engagement Agreement;

b) Defendants Mudd be ordered to provide any and all compensatory damages, consequential damages, and/or punitive damages; and

c) Defendants Mudd be ordered to provide any and all lost profits lost relating to plans to expand into a Satellite Office in California, hiring of an additional Law Clerk and negotiation and finalization of a three or five year lease, and costs of litigation.

### Count IV
### VRP Law Group's Rights under the IL Mechanic's Lien Act

54. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs 1-53, including the subparagraphs contained therein, as if set forth fully, herein.

55. Defendants Mudd has interfered with Plaintiff's receipt and recording of the attorney's lien in the engagement agreement with Clients.

56. Defendant Mudd has continued interfere with Plaintiff's ability to collect from clients under the engagement agreement.

57. Defendant Mudd has been served with a notice of lien under the IL Mechanic's Lien Act.

58. VRP Law Group has appropriately recorded its Attorney's Lien with the Cook County Recorder's Office.

59. Defendant Mudd has intentionally interfered with Plaintiff from receiving reasonable legal fees of $7,500.00

WHEREFORE, Plaintiff demands judgment against Defendants Mudd for the following remedies:

Copyrights Retained 2015

d) Defendants' Mudd be ordered to pay legal fees of $10,141.00 plus costs and expenses under the IL Mechanic's Lien Act;

e) Defendants Mudd be ordered to provide any and all compensatory damages, consequential damages, and/or punitive damages; and

f) Defendants Mudd be ordered to provide any and all lost profits lost relating to plans to expand into a Satellite Office in California, hiring of an additional Law Clerk and negotiation and finalization of a three or five year lease, and costs of litigation.


### Count V
### VRP Law Group's Rights under the IL Right of Publicity Act

60. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs 1-59, including the subparagraphs contained therein, as if set forth fully, herein.

61. Defendants Mudd has interfered with Plaintiff's Identity the nature and culture of the law firm and/or that of its Managing Attorney Vihar R. Patel's Identity.

62. Defendant Mudd has to a limited extent , but nevertheless, provided false and misleading information relating to the political views, personal views, family views, family life, life and upbringing, legal career, education, view of American life, respect for the law, respect for the American Form of Government (including the views of our Founding Four Fathers), views on entrepreneurship, innovation, capitalism, and a variety of other related private matters that have been made public.

63. Defendant Mudd has not acquired written consent as required by the IL Right of Publicity Act.

64. Defendant Mudd has orally made statements to individuals with a business, client, family, professional relationship, related or affiliated companies or business ventures and  it Panelists and Sponsors, and Father, Mother and Brother.

65. Defendant Mudd has used these false and misleading commercial and public statements relating to Plaintiff's name, identity, private and personal ideologies, character and fitness to practice law, and other conducting business in a manner that enables or facilitates the invasion of privacy of Victims without the benefits and protections of the search warrant requirement.

66. Defendant Mudd should not be allowed to climb on the bandwagon and the gossip and rumor train started and continued by Extremely Motivated Hackers, Harassers and Retaliators, such as, Tony Kantor, John Ferguson, and Serge Bieberman to take

Copyrights Retained 2015

advantage of these crazy stories that we have endured in the Chicagoland area for more than seven (7) to eight (8) months.

WHEREFORE, Plaintiff demands judgment against Defendants Mudd for the following remedies:

g) Defendants' Mudd be ordered to pay statutory damages, lost profits, sales, costs and expenses under the IL Rights of Publicity Act;

h) Defendants Mudd be ordered to provide any and all compensatory damages, consequential damages, and/or punitive damages; and

i) Defendants Mudd be ordered any and all costs, expenses and legal fees and negotiation and finalization of a three or five year lease.


Vihar R. Patel
VRP Law, P.C.
VRP Law Group
Attorney ID 6276274
2041 W. Carroll Ave., Suite C-208
Chicago, IL 60612
Ph: 312-854-7090
E: vihar@vrplawgroup.com
E: vrplawgroupma@gmail.com
E: vihar@vrplaw.com

Copyrights Retained 2015

## Certificate of Service

I, Vihar Patel, certify that as provided by law pursuant that I served (via email) a copy of the aforementioned Complaint At Law from Plaintiff to Defendant including any enclosures and exhibits, upon:

Charles Mudd
Defendants Mudd Law Offices
3114 West Irving Park Road, Suite 1W
Chicago, IL 60618.

Also, SENT VIA EMAIL to cmudd@muddlawoffices.com

Copyrights Retained 2015



Trademarks > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Mon Jan 26 03:21:14 EST 2015*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
|---|---|---|---|---|---|---|---|---|---|
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC | | | | | |

Please logout when you are done to release system resources allocated for you.

`List At: OR to record: **Record 1 out of 2**

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)* |

# VRP Law Group

| | |
|---|---|
| **Word Mark** | **VRP LAW** GROUP |
| **Goods and Services** | IC 035. US 100 101 102. G & S: Branding services, namely, consulting, development, management and marketing of brands for businesses and/or individuals; Business acquisition and merger consultation. FIRST USE: 20130307. FIRST USE IN COMMERCE: 20130307 |
| | IC 041. US 100 101 107. G & S: Educational services, namely, conducting classes, seminars, presentations, lectures, discussion groups, chat rooms, discussion forums, video chats and lectures in the fields of business, branding, succession planning, corporate strategy, risk management practices, development of intellectual property, management of intellectual property, enforcement and litigation of legal claims and defenses, acquiring venture capital or financing, buying or selling a business, hiring and retaining talented employees, management of litigation matters, risk management practices, drafting and negotiating commercial agreements and distribution of training materials in connection therewith; Publication of electronic publications, online blogs, articles, blog posts, newsletters, journals, legal guides, pleadings, motions, practice aids, books, outlines, forms, manuals, educational presentations, training materials, electronic databases, law practice |

management tools, in the nature of newsletters. FIRST USE: 20130307. FIRST USE IN COMMERCE: 20130307

IC 045. US 100 101. G & S: Attorney services, namely, providing customized legal advice, and counseling on formation of business entities or corporations, customized legal advice and counseling in the negotiation of contracts or the purchase and sale of a business or company; Customized legal advice and counseling on the management of business, corporate and legal risks; Customized legal advice and counseling on compliance with legal regulations; Customized legal advice and counseling on acquiring, enforcing and managing copyrights, patents, trademarks, service marks and trade secrets; Litigation consulting services for others in the field of managing litigation risk, performing trials, filing, briefing and arguing appeals, conducting written, oral and expert discovery, engaging in motion practice, preparing and filing pleadings, negotiating and resolving disputes, arbitration, electronic discovery, management of lawsuits, mediation and investigation of legal claims and defenses. FIRST USE: 20130307. FIRST USE IN COMMERCE: 20130307

| | |
|---|---|
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85930750 |
| **Filing Date** | May 13, 2013 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | December 9, 2014 |
| **Owner** | (APPLICANT) VRP Law P.C. AKA VRP Law Group, A VRP Law, P.C. Company. CORPORATION ILLINOIS 73 West Monroe Street 201 E. Ohio Street, Suite 304 Chicago ILLINOIS 60603 |
| **Attorney of Record** | Vihar Patel |
| **Prior Registrations** | 4517187 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LAW GROUP" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST
NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | *e*BUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

<u>Trademarks</u> > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Mon Jan 26 03:21:14 EST 2015*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Please logout when you are done to release system resources allocated for you.

`List At: OR to record: **Record 2 out of 2**

| TSDR | ASSIGN Status | TTAB Status |

*( Use the "Back" button of the Internet Browser to return to TESS)*

# VRP Law

| | |
|---|---|
| **Word Mark** | **VRP LAW** |
| **Goods and Services** | IC 035. US 100 101 102. G & S: Branding services, namely, consulting, development, management and marketing of brands for businesses, corporations and individuals; Business acquisition and merger consultation; Arranging of buying and selling companies and businesses for corporations and individuals; Business consultation, namely, providing counseling and advice in the fields of business entity formation, formation of corporations, contract negotiation, purchase and sale of businesses and companies and management of businesses; business management consultation; Consulting services in the field of managing intellectual properties. FIRST USE: 20080218. FIRST USE IN COMMERCE: 20080218 |

IC 041. US 100 101 107. G & S: Publication of electronic publications, online blogs, articles, blog posts, newsletters, journals, legal guides, pleadings, motions, practice aids, books, outlines, forms, manuals, educational presentations, training materials, electronic databases, law practice management tools accessible via global computer network; Educational services, namely, conducting classes, seminars, presentations, lectures, discussion groups, chat rooms, discussion forums, video chats and lectures in

the field of business, branding, succession planning, corporate strategy, risk management practices, development of intellectual property, management of intellectual property, enforcement and litigation of legal claims and defenses, acquiring venture capital or financing, buying or selling a business, hiring and retaining talented employees, management of litigation matters, risk management practices, drafting and negotiating commercial agreements and distribution of training material in connection therewith. FIRST USE: 20080218. FIRST USE IN COMMERCE: 20080218

IC 045. US 100 101. G & S: Attorney services; Legal consultation, namely, advice and counseling on compliance with legal regulations and management of legal risks; Intellectual property consultation; Intellectual property enforcement in the nature of intellectual property watch services and legal services; Litigation support services of a lawyer in the nature of managing litigation to avoid risks, performing trials, conducting written, oral and expert discovery, engaging in motion practice, preparing and filing pleadings, negotiating and resolving disputes, arbitration, conducting electronic discovery, management of lawsuits, mediation and investigation of legal claims and defenses for others. FIRST USE: 20080218. FIRST USE IN COMMERCE: 20080218

| | |
|---|---|
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85871907 |
| **Filing Date** | March 9, 2013 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | February 4, 2014 |
| **Registration Number** | 4517187 |
| **Registration Date** | April 22, 2014 |
| **Owner** | (REGISTRANT) VRP Law, P.C. AKA VRP Law Group CORPORATION ILLINOIS 201 E. Ohio Street, Suite 304 Chicago ILLINOIS 60611 |
| **Attorney of Record** | Vihar R. Patel |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LAW" APART FROM THE MARK AS SHOWN |
| **Description of** | Color is not claimed as a feature of the mark. |

**Mark**

| | |
|---|---|
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST
NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | *e*BUSINESS | HELP | PRIVACY POLICY

Mudd Law Offices

Progress Empowered

## Attorneys

| | | |
|---|---|---|
| Mudd Jr., Charles Lee | Principal | Send E-Mail to Charles Lee Mudd Jr. |
| Brodzinski, Liz | Associate | Send E-Mail to Liz Brodzinski |
| Nugent, Meghan K. | Associate | Send E-Mail to Meghan Nugent |
| Mudd, Anne Chestney | Of Counsel | Send E-Mail to Anne Chestney Mudd |

On LinkedIn | On Facebook | On Twitter | On Mudd Law Offices' Blog

DISCLAIMER | PRIVACY POLICY

Contact Information for our offices in Chicago, Illinois and Park City, Utah

© 2005-2014 Mudd Law Offices
All Rights Reserved

Mudd Law Offices

Progress Empowered

## Attorneys

| | | |
|---|---|---|
| Mudd Jr., Charles Lee | Principal | Send E-Mail to Charles Lee Mudd Jr. |
| Brodzinski, Liz | Associate | Send E-Mail to Liz Brodzinski |
| Nugent, Meghan K. | Associate | Send E-Mail to Meghan Nugent |
| Mudd, Anne Chestney | Of Counsel | Send E-Mail to Anne Chestney Mudd |

On LinkedIn | On Facebook | On Twitter | On Mudd Law Offices' Blog

DISCLAIMER | PRIVACY POLICY

Contact Information for our offices in Chicago, Illinois and Park City, Utah

© 2005-2014 Mudd Law Offices
All Rights Reserved

19

**EXHIBIT** 2015 JAN 28  PM 1: 42

A     U.S. DISTRICT COURT

11/14/2014                                    Gmail - Benjamin ▓▓ and Laurie ▓▓

Charles,

As a follow up to our telephone conversation, we wanted to encourage you to do a little bit more work to try and resolve this fee dispute. Clearly, you are obligated to report any settlement offer to a client and the terms of the settlement and communicate it to your client. $10,137 is what we will be seeking in the event of litigation and any future collection efforts and expenses related to collecting on the lien. I am sure you as a lawyer should understand this obligation and that the additional delays and expenses involved in litigation are more than justified in light of the research and costs of engaging in litigation.

Please do me a favor and understand that the offer of $7500 was an offer that was provided to avoid litigation. We may be willing to consider this amount again, but we are conducting some legal research and will confirm to determine whether or not, we can file a mechanic's lien action and as I am sure you are aware the IL Mechanic's Lien Act allows the recovery of legal fees involved in collecting. You may try to file a complaint to the CBA to arbitrate the fee dispute, but this is something your client has to do prior to us filing our lawsuit.

More importantly, instead of going through this additional burden, expense and incurring additional legal fees relating to litigation—does it not make more sense to avoid this hassle and trouble by communicating the aforementioned settlement offers and demands to acquire a last and final offer from Laurie and Ben and avoid the additional fees and expense and the problems to Ben and Laurie's credit. Moreover, Charles do you really need to be involved in a fee dispute or dealing with a complaint relating to a Mechanic's Lien Action?

At this point, based on the prior false statement about a invalid protective order being taken out personally against VRP Law Group and its Principal--based on the following:

a) a proceeding in which neither, VRP Law Group and its Principal were never a party;
b) the Court had no personal jurisdiction and were not served with a complaint for a protective order, but a motion for substitution of counsel;
c) the lack of any statements to have the court retain jurisdiction;
d) the lack of clarity about whether or not, the client and the judge heard and approved the effort to insert an inappropriate restraint in contacting my clients even from collection efforts and to keep the client;
e) the proceeding being against Jon Seymour and no one else being a party other than Laurie ▓▓ and Benjamin ▓▓;
f) both Laurie ▓▓ and Benjamin ▓▓ were my clients and Benjamin ▓▓ was leaning towards continuing to use VRP Law Group after you spoke to Laurie and Ben, but such an incorrect and inappropriate use of such a tactic;
g) the prior permission to talk to Benjamin ▓▓ being revoked when we pointed out the falseness of that statement and your refusal to acquire a last and final best offer seems to be an inappropriate response.

You just need to communicate with me and VRP Law Group to let us know if, you have called Laurie and Ben and whether or not, there is a last and best final offer by the end of the day by 5:00pm CST today. You only, need communicate the first two paragraphs of the this last settlement offer. Obviously, we are willing to consider a last and final best offer, but $5,500 is not going to get it done. Our offer is still $7500 to avoid litigation and collection efforts. If, we conduct litigation at a minimum it will be $10,137 and maybe higher because of legal fees and expenses.

Vihar R. Patel, JD, LLM
Managing Attorney
VRP Law Group, A Boutique Business, Employment and IP Law Firm
73 West Monroe Suites 211 & 219
Chicago, IL 60603
Main Phone: 312-854-7090
Direct Line: 312-561-5486 ext. 1314
Mobile: 847-732-6178
Fax Line: 312-561-5095
Email: vihar@vrplawgroup.com
Email: vihar@vrplaw.com
Web: www.vrplawgroup.com
Blog: www.empiplaw.wordpress.com

Information contained in this email transmission may be privileged and confidential. If you are not the intended

Finally, as to my status as a "fellow attorney," I explained my thoughts about the hours spent on a settlement agreement. Consequently, the appeal to my being a "fellow attorney" have no affect here.

I have attempted my best to each a resolution between VRP Law and my clients. Settlement has not been reached. So be it.

Sincerely
Charles Mudd


[Quoted text hidden]

Charles Lee Mudd Jr.
Principal and Attorney
**Mudd Law Offices**
www.muddlaw.com
blog.muddlaw.com


MAIN OFFICE
3114 West Irving Park Road
Suite 1W
Chicago, Illinois 60618
773.588.5410
773.588.5440 facsimile

PARK CITY OFFICE
311 Main Street
P.O. Box 1553
Park City, Utah 84060
435.640.1786
435.603.1035 facsimile

http://www.linkedin.com/in/charlesmuddjr

@clmuddjr
http://jurismudd.com/

@onStartupRadio
http://startupradio.com
http://onstartupradio.com


Member, Chair
Social Media & Gaming Committee
Information Technology Law Association

Member, Ex-Officio
Intellectual Property Section Council
Illinois State Bar Association

NOTE: This electronic mail communication ("email") and the information contain herein has been and is intended for the addressed recipient(s) only. The information contained in this email, including any attachments, may contain confidential, privileged or proprietary information from Mudd Law Offices.

If you have received this email in error and/or you are not its intended recipient, please contact the sender of this email whose information has been listed above.

If you have received this email in error and/or you are not its intended recipient, you may not disseminate, forward, read, retransmit, or take any action in reliance upon this email, the information contained herein, any attachments hereto, and any other residual copies of the email

11/14/2014                                     Gmail - Benjamin Perkins and Laurie Styron

recipient, do not read, distribute or reproduce this transmission (including any attachments). If you have received this email in error, please notify the sender by email reply and delete this email from your system. Under U.S. Treasury rules issued in 2005, we must inform you that any advice in this communication to you was not intended or written to be used, and cannot be used, to avoid any government penalties that may be imposed on a taxpayer.

[Quoted text hidden]

---

**Charles Lee Mudd Jr.** <cmudd@muddlawoffices.com>                   Fri, Nov 14, 2014 at 1:08 PM
Reply-To: cmudd@muddlawoffices.com
To: Vihar Patel <vihar@vrplaw.com>
Cc: Yelena Rivtis <yelena@vrplaw.com>, Rocky Roppo <rocky@vrplaw.com>

Vihar:

You are so incorrect in your perception of what has occurred.

Sincerely
Charles
[Quoted text hidden]

---

**Vihar Patel** <vihar@vrplaw.com>                                   Fri, Nov 14, 2014 at 1:14 PM
To: "Charles Lee Mudd Jr." <cmudd@muddlawoffices.com>
Cc: Yelena Rivtis <yelena@vrplaw.com>, Rocky Roppo <rocky@vrplaw.com>

Charles

I meant not disrespect, but please just do the thing that can resolve this the most quickly.

Acquire a last and best final offer from the client and do not worry about our perceptions instead focus on resolving this matter amicably and not worrying about anything else.

This is extremely simple—let's just go over the last and final best offer and see if, we can reach an amicable solution. However, I think that you engaged in tactics that we at VRP Law Group would never engage in. However, this is something that individuals can and lawyers can differ on and still be congenial and professional without having any problems in their professional relationship.

Thanks for your cooperation and understanding.

All the best.

V

Vihar R. Patel, JD, LLM
Managing Attorney
VRP Law Group, *A Boutique Business,*
*Employment and IP Law Firm*
73 West Monroe Suites 211 & 219
Chicago, IL 60603
Main Phone: 312-854-7090
Direct Line: 312-561-5486 ext. 1314
Mobile: 847-732-6178
Fax Line: 312-561-5095
Email: vihar@vrplawgroup.com
Email: vihar@vrplaw.com
Web: www.vrplawgroup.com
Blog: www.empiplaw.wordpress.com

Information contained in this email transmission may be privileged and confidential. If you are not the intended

11/14/2014



Gmail

Vihar Patel

*Exhibit*

**Benjamin** and Laurie

4 messages

---

**Charles Mudd** <clm@muddlaw.com>                                    Fri, Nov 14, 2014 at 12:38 PM
Reply-To: cmudd@muddlawoffices.com
To: Vihar Patel <vihar@vrplaw.com>

Vihar:

I attempted to reach my clients to obtain a "final number." As of yet, I did not succeed in obtaining a new number.

My clients will not pay $7500.00. I asked you if you would be amenable to going lower, you refused to answer. I explained that I did not want to expend my clients' time going back to them to seek another offer where I did not know that you would be receptive to going lower than $7500 (which your prior emails suggested would not occur). You perceived this as my asking you to bid against yourself. I disagree, particularly where I have informed you that agreement to $7500.00 would not occur.

Whether you realize it or not, we have always been talking about a final settlement with full releases. But, to the extent you did not previously know this, you do so now. I am not negotiating payment plans for my clients. I am negotiating and have been trying to resolve this matter in its entirety.

As it stands, my clients offered $3100.00 in addition to the $2,000.00 you have in retainer. You want $7,500.00 in addition to the retainer. Any resolution would have to happen somewhere in between.

If I hear further from my clients, I will let you know.

Charles

---

Charles Lee Mudd Jr.
Principal and Attorney
**Mudd Law Offices**
www.muddlaw.com
blog.muddlaw.com

MAIN OFFICE
3114 West Irving Park Road
Suite 1W
Chicago, Illinois 60618
773.588.5410
773.588.5440 facsimile

PARK CITY OFFICE
311 Main Street
P.O. Box 1553
Park City, Utah 84060
435.640.1786
435.603.1035 facsimile

http://www.linkedin.com/in/charlesmuddjr

@clmuddjr
http://jurismudd.com/

@onStartupRadio
http://startupradio.com
http://onstartupradio.com

---

Member, Chair
Social Media & Gaming Committee
Information Technology Law Association

Member, Ex-Officio
Intellectual Property Section Council
Illinois State Bar Association

NOTE: This electronic mail communication ("email") and the information contain herein has been and is intended for the addressed recipient(s) only. The information contained in this email, including any attachments, may contain confidential, privileged or proprietary information from Mudd Law Offices.

If you have received this email in error and/or you are not its intended recipient, please contact the sender of this email whose information has been listed above.

If you have received this email in error and/or you are not its intended recipient, you may not disseminate, forward, read, retransmit, or take any action in reliance upon this email, the information contained herein, any attachments hereto, and any other residual copies of the email (including backup copies).

This communication is not intended or written by the sender or Mudd Law Offices to be used by any recipient for the purpose of avoiding penalties that may be imposed upon the recipient under United States tax laws. As such, it cannot be used for such purpose. This notice is required by law.

Mudd Law Offices believes this e-mail and any attachments to be virus free however it is the responsibility of the recipient to ensure that it is virus free. Mudd Law Offices does not accept responsibility for any loss or damage arising in any way from the use of this communication, including attachments.

---

**Vihar Patel** <vihar@vrplaw.com>                     Fri, Nov 14, 2014 at 1:02 PM
To: "Charles Lee Mudd Jr." <cmudd@muddlawoffices.com>, Yelena Rivtis <yelena@vrplaw.com>, Rocky Roppo <rocky@vrplaw.com>

Charles

Please see my email and response below, I copied and pasted it here for you again. To be clear I kept it confidential and gave you discretion to not communicate the materials highlighted in yellow to make sure that this did not disrupt your clients relationship in anyway, but we cannot permit your clients or you to avoid seeking an outstanding balance on a reasonable amount of legal fees that was approved by the client and necessary to protect the clients' rights in Federal Court.

Thanks for your assistance, cooperation and understanding and your efforts to communicate with your clients and let us know of your clients last and best final offer by the clients by the end of the day today. Appreciate it!

All the best.

V

FRE 408-Settlement Negotiations and Communications with A Last Effort to Avoid Litigation and Unnecessary Collection Efforts and Related Matters.

this email in error, please notify the sender by email reply and delete this email from your system. Under U.S. Treasury rules issued in 2005, we must inform you that any advice in this communication to you was not intended or written to be used, and cannot be used, to avoid any government penalties that may be imposed on a taxpayer.

[Quoted text hidden]
   [Quoted text hidden]
   [Quoted text hidden]

---

**Charles Lee Mudd Jr.** <cmudd@muddlawoffices.com>          Wed, Nov 12, 2014 at 12:36 PM
Reply-To: cmudd@muddlawoffices.com
To: Vihar Patel <vihar@vrplaw.com>

Vihar:

Out of courtesy only, I am responding to you alone.

Did you read my email from last night in its entirety? Last night, I mentioned that the proceeding in which we obtained the order had been dismissed. As such, I implied that it no longer had effect. For this reason, I explained I would not hesitate to obtain similar relief should it be necessary. So, obviously Vihar, the order no longer has an affect.

Lest you be mistaken, my instruction to cease communicating with my clients does not emanate from the order. You now happen to be a party with an adverse relationship with my clients. At the same time, you also happen to be an attorney. In this context, I have instructed you to communicate solely with me and not with my clients. You continue to ignore this instruction.

As to your aspersions that I have engaged in questionable conduct, I disagree. I stand by the order and the relief obtained at that time. I have not and am not making any false statement at all.

Moreover, and this happens to be very important, my statements thus far have been limited to those parties whom your firm chooses to copy on the emails they send. If you want me to cease making statements to your employees, stop copying them on communications you send to me. Should you continue to copy them, I will continue to include them. I have every ability to represent my clients and respond to your allegations. Let me repeat, if you copy any of your employees on any further communications, I will presume you want them to be included in the conversations and will copy them on my responses (if any).

There has never existed any settlement on the fees. You did not agree to my clients' offer. As such, there continues to be no settlement. Consequently, there will be no payment from my client.

As to the lien, my clients dispute the validity of any lien you allege. As to the lien providing you the ability to communicate with my clients, I encourage you to find law supporting you position. Regardless, however, you need to cease communicating with Ben and Laurie. You can send communications intended for them to my attention. I will address them in the appropriate manner.

Beyond the foregoing, I am not going to respond further.

Sincerely
Charles
[Quoted text hidden]

---

**Vihar Patel** <vihar@vrplaw.com>                            Thu, Nov 13, 2014 at 2:02 PM
To: "Charles Lee Mudd Jr." <cmudd@muddlawoffices.com>, Rocky Roppo <rocky@vrplaw.com>, Yelena Rivtis <yelena@vrplaw.com>

Charles, Rocky, and Yelena

The order that you referenced is not valid and is automatically invalid for lack of personal jurisdiction and I was

never served with a Complaint or Motion for Protective Order and the proceeding was relating to the Protective Order against Jon Seymour. Moreover, I have yet, to see a case where the filing of an appearance on behalf of a client is ever sufficient to subject any attorney to personal jurisdiction from the Court or Judge and it is not something any attorney should slide into an order to prevent another attorney that is involved in a fee dispute or attempting to keep a client should have to deal with. Frankly, not only, is this a false statement about what Protective Order exists and who is subject to personal jurisdiction and a basis for enforcement of the protective order.

This is not the right way to do business or treat a fellow lawyer. We are not going to allow you to engage in this conduct with any VRP Law Group client in the future. This simply an unacceptable means of acquiring a client or doing business. We at this point are not able to provide a positive opinion of you relating to your candor. However, good you are as a lawyer, the reality is that this is not appropriate, because you are making false statements about VRP Law Group and its Managing Attorney. This is simply unacceptable behavior.

We will follow your instructions and not contact the clients, either, Ben or Laurie, but we will proceed with gathering the legal research you requested, but we will have to bill you for it. At this point, we are also contacting the Chicago Bar Association to use their arbitration process to resolve this fee dispute. Now, we will not take anything less that $10,137.00 to resolve this fee dispute. Attached for your convenience, is a credit card authorization made out in the name of your law firm, Ben, and/or Laurie. We will provide a release of our lien to all three, because you have requested it and it will be necessary for you to avoid any obligation to pay VRP Law Group from monies recovered in the law suit with Jon Seymour (the Actual Defendant in that Protective Order proceeding).

Please sign the credit card authorization or have your clients sign that credit card authorization immediately, because on Monday, we will either file an action for a Mechanic's Lien or a complaint in arbitration with Chicago Bar Association.

Of course, if you have any concerns or questions, then please contact us. Thanks.

All the best.

V

Vihar R. Patel, JD, LLM
Managing Attorney
VRP Law Group, *A Boutique Business,*
*Employment and IP Law Firm*
73 West Monroe Suites 211 & 219
Chicago, IL 60603
Main Phone: 312-854-7090
Direct Line: 312-561-5486 ext. 1314
Mobile: 847-732-6178
Fax Line: 312-561-5095
Email: vihar@vrplawgroup.com
Email: vihar@vrplaw.com
Web: www.vrplawgroup.com
Blog: www.empiplaw.wordpress.com

Information contained in this email transmission may be privileged and confidential. If you are not the intended recipient, do not read, distribute or reproduce this transmission (including any attachments). If you have received this email in error, please notify the sender by email reply and delete this email from your system. Under U.S. Treasury rules issued in 2005, we must inform you that any advice in this communication to you was not intended or written to be used, and cannot be used, to avoid any government penalties that may be imposed on a taxpayer.

[Quoted text hidden]

📎 **Credit Card Authorization Form and Receipt_for Laurie Styron and Benjamin Perkins_1214.pdf**
36K

VRP Law Group, *A Boutique Business,*
*Employment and IP Law Firm*
73 West Monroe Suites 211 & 219
Chicago, IL 60603
Main Phone: 312-854-7090
Direct Line: 312-561-5486 ext. 1314
Mobile: 847-732-6178
Fax Line: 312-561-5095
Email: vihar@vrplawgroup.com
Email: vihar@vrplaw.com
Web: www.vrplawgroup.com
Blog: www.empiplaw.wordpress.com

Information contained in this email transmission may be privileged and confidential. If you are not the intended recipient, do not read, distribute or reproduce this transmission (including any attachments). If you have received this email in error, please notify the sender by email reply and delete this email from your system. Under U.S. Treasury rules issued in 2005, we must inform you that any advice in this communication to you was not intended or written to be used, and cannot be used, to avoid any government penalties that may be imposed on a taxpayer.

[Quoted text hidden]

**Charles Lee Mudd Jr.** <cmudd@muddlawoffices.com>                    Wed, Nov 12, 2014 at 11:34 AM
Reply-To: cmudd@muddlawoffices.com
To: Vihar Patel <vihar@vrplaw.com>
Cc: Yelena Rivtis <yelena@vrplaw.com>, ADM calendar <benjamin.perkins@yahoo.com>, Rocky Roppo <rocky@vrplaw.com>, Veronica Hower <veronica@vrplaw.com>

Vihar:

I attach the order to which I referred.  It states that former counsel shall not contact the Petitioner.  You happened to be former counsel.

I am not making any false statements.

Good day
Charles


On Nov 12, 2014, at 11:23 AM, Vihar Patel <vihar@vrplaw.com> wrote:

Charles and Ben

It appears that there is a misunderstanding and what appears to be a false statement about acquiring a protective order against the Principal (presumably VRP Law Group's Managing Attorney) that you, Ben and Laurie never acquired, never obtained and was never even requested by your clients.  This Protective Order was against Jon Ferguson and we represented Ben Perkins and Laurie Styron in this matter.  We are sure they will be able to clear that up and caution you against making false claims or allegations that tarnish or affect the professional reputation of VRP Law Group or any of its employees.  This is something that we would like you to retract and confirm that you have not orally made these types of representations to anyone else.

Otherwise, we really are not sure we can trust you in reaching an amicable resolution on a simple fee dispute that we talked about on a few different times and agreed to try to resolve for $6500, but when you asked for a mutual release of claims we stated that would be fine, but Ben and Laurie would have to pay $7500.  Please be very careful to ensure that you do not mistakenly make false

, including attachments.


**2014-06-10 Order.pdf**
887K

---

**Vihar Patel** <vihar@vrplaw.com>                        Wed, Nov 12, 2014 at 12:11 PM
To: "Charles Lee Mudd Jr." <cmudd@muddlawoffices.com>
Cc: Yelena Rivtis <yelena@vrplaw.com>, ADM calendar ~~<~~, Rocky Roppo
<rocky@vrplaw.com>, Veronica Hower <veronica@vrplaw.com>

Charles

Now, we have a problem, because that is not correct. It does not cover fee disputes, it does not cover the federal lawsuit, and moreover it does not cover the proceeding relating the PTO, because it was dismissed and there is nothing indicating that the Court would retain jurisdiction over the order of protection.

Second, we were never a party to the proceeding, thus the Court would not even have personal jurisdiction to enter such an order. Moreover, a motion seeking such relief must have been provided to us and we would have had to appear and had an opportunity to contest the matter. You cannot slide in a no contact provision for a former attorney in a protective order that the client obtained against Mr. Seymour. You have engaged in some questionable tactics and these may be something that you should take great pains to avoid in the future. You make this false statement or state it orally to anyone, I have serious problem with it. Finally, do not make such false representations to any VRP Law Group employee that directly implicates the Managing Attorney, Vihar R. Patel.

You can bet that not a single attorney would appreciate this form of chicanery. You have allowed yourself to make a bad business decision for whatever reason, but this is a problem. I am willing to discuss further, but I recommend that you do not engage in such tactics or business practices in the future.

When will you be paying the $7500? Do not forget that we still have a lien on the matter, which by its very nature allows us to contact the client directly and to you to request payment in full. Let me know.

Thanks.

All the best.

V

Vihar R. Patel, JD, LLM
Managing Attorney
VRP Law Group, *A Boutique Business,
Employment and IP Law Firm*
73 West Monroe Suites 211 & 219
Chicago, IL 60603
Main Phone: 312-854-7090
Direct Line: 312-561-5486 ext. 1314
Mobile: 847-732-6178
Fax Line: 312-561-5095
Email: vihar@vrplawgroup.com
Email: vihar@vrplaw.com
Web: www.vrplawgroup.com
Blog: www.empiplaw.wordpress.com

Information contained in this email transmission may be privileged and confidential. If you are not the intended recipient, do not read, distribute or reproduce this transmission (including any attachments). If you have received

20

RECEIVED

2015 JAN 28 PM 1: 43

U.S. DISTRICT COURT

**EXHIBIT**

**B**

**From:** Laurie <laurie@vrplaw.com>

**To:** Meghan Nugent <meghan@vrplaw.com>, Benjamin

**Cc:** David Oskin <david@vrplaw.com>, Vihar Patel <vihar@vrplaw.com>

**Sent:** Monday, May 12, 2014 11:44 PM

**Subject:** Re: LS_43_IP, Harassment Update on Matter, Correspondence from Opposing Counsel Received

[Quoted text hidden]

---

**Vihar Patel** <vihar@vrplaw.com>

To: Laurie <laurie@vrplaw.com>

Cc: Meghan Nugent <meghan@vrplaw.com>, Benjamin <janelle@vrplaw.com>, VRP Law <katie@vrplaw.com>, Denny Esford <denny@vrplaw.com>, Emily Desmonie <emily@vrplaw.com>, David Oskin <david@vrplaw.com>, Janelle Sanchez

Wed, Jun 4, 2014 at 11:43 AM

Laurie and Ben
LS43IPDisputeandLitigation
Litigation and Post Mediation
DJ Complaint
Legal Research

Laurie and Ben:

We have left two messages for you and ben and I have discussed this in detail. However, here is what we generally recommend

1) Perform legal research and review the limited nature of the jurisdiction of the Declaratory Judgment Act ("DJA") as it pertains to copyrights on music, in particular, songs, lyrics, vocals, vocal performance, musical score compositions, instrumental tracks, etc.... (anticipated legal fees for research and quick Motion to Dismiss ("MTD") 1-5K);

2) Reinitiate Mediation services with Michael Leech post MTD or pre-MTD, but after legal research Memorandum on jurisdictional limits on DJA, but settle up outstanding invoice and discuss with JS, True 52 and its attorneys (split of invoice agreed to, plus additional mediation fees that we agreed to take on if, at all) (JS and True 52 to pay 20K);

3) Litigate further and raise some counterclaims relating to copyrights on music, in particular, songs, lyrics, vocals, vocal performance, musical score compositions, instrumental tracks, etc.... (anticipated legal fees for research and quick Motion to Dismiss ("MTD") 5-20K)

a) Motion for Leave to Amend after JS and True 52 Amend Complaint in response to our MTD; or
b) Answer, Affirmative Defenses and Counterclaims (limited no sexual harassment, but limited facts in support of common law claims ok);
. c) Conduct 26 (a) (1), written discovery, some forensic discovery, and some related supplemental discovery;

6/9/2014                                   Gmail - US_43_IP. Harassment Update on Matter. Correspondence from Opposing Counsel Received

d) Attempt to resolve uncontested issues via Requests to Admit; and

e) Prepare Second or First Motion for Leave to Amend before conducting oral discovery or any necessary third party discovery that cannot be acquired via a rule 45 Subpoena.

We can also use the magistrate judge assigned to the case for purposes of a follow up settlement conference and/or any discovery disputes. We strongly recommend that Judge Guzman remain the judge assigned to the case and encourage you to review his background and biography. Judge Guzman has handled some tough cases, provides fair rulings, requires all parties to treat each other civilly and is well versed with trial practice and may be able to handle quick evidentiary hearings or TROs should they be necessary.

Please let us know if, you are available to meet in person. We respect Charles Mudd and his law firm, but believe that our background knowledge of the facts, the mediation history, corporate law, entertainment industry standards and need for litigation strategy is better suited for us to represent you. However, we believe that Mr. Mudd and his law firm are quite capable in their own regard, particularly, in the area of copyright law, the DMCA, and general IP law services.

Of Course, if you have any concerns or questions, then please contact us.

Thanks.

All the best.

V

Vihar R. Patel, JD, LLM
Managing Attorney
VRP Law Group, *A Boutique Business,*
*Employment and IP Law Firm*
201 East Ohio Street, Suite 304
Chicago, IL 60611
Main Phone: 312-854-7090
Direct Line: 312-854-7091
Mobile: 847-732-6178
Fax Line: 312-376-8751
Email: vihar@vplaw.com
Web: www.vrplaw.com
Blog: www.emiplaw.wordpress.com

Information contained in this email transmission may be privileged and confidential. If you are not the intended recipient, do not read, distribute or reproduce this transmission (including any attachments). If you have received this email in error, please notify the sender by email reply, and delete this email from your system. Under U.S. Treasury rules issued in 2005, we must inform you that any advice in this communication to you was not intended or written to be used, and cannot be used, to avoid any government penalties that may be imposed on a taxpayer.

https://mail.google.com/mail/u/0?ui=2&ik=e490904317&view=pt&q=laurie24siufra%40yahoo.com&qs=true&search=query&th=145f225e5304987&siml=145f225e5304987&siml=145f3e60bbe79ecd&siml=148061410...          6/7

[Quoted text hidden]

6/9/2014

Gmail - Questions / Comments from today's meeting

**Vihar Patel** <vihar@vrplaw.com>
To: Meghan Nugent <meghan@vrplaw.com>, "Patel, Tushar M.D." ▓▓▓▓▓  Tue, May 20, 2014 at 4:59 AM

If opposing counsel is emailing V, should I change the content of the vacation message to avoid a "position of weakness?" I prefer honesty but not if that will make your work more difficult.

Please let me know your thoughts.

Thanks,

Vihar R. Patel, JD, LLM
Managing Attorney
VRP Law Group, A Boutique Business,
Employment and IP Law Firm
201 East Ohio Street, Suite 304
Chicago, IL 60611
Main Phone: 312-854-7090
Direct Line: 312-854-7091
Mobile: 847-732-6178
Fax Line: 312-376-8751
Email: vihar@vrplaw.com
Web: www.vrplaw.com
Blog: www.empiplaw.wordpress.com

Information contained in this email transmission may be privileged and confidential. If you are not the intended recipient, do not read, distribute or reproduce this transmission (including any attachments). If you have received this email in error, please notify the sender by email reply and delete this email from your system. Under U.S. Treasury rules issued in 2005, we must inform you that any advice in this communication to you was not intended or written to be used, and cannot be used, to avoid any government penalties that may be imposed on a taxpayer.

**David Oskin** <david@vrplaw.com>
To: Vihar Patel <vihar@vrplaw.com>, Meghan Nugent <meghan@vrplaw.com>, "Patel, Tushar M.D." ▓▓▓▓▓  Tue, May 20, 2014 at 8:47 PM

Did anyone address this? If not, since we are e-mailing all clients individually, I do not believe it is necessary that Vihar's out of office message specify the reason.

· On 5/20/2014 4:59 AM, Vihar Patel wrote:

21

# EXHIBIT

# C

6/9/2014



# LS43IPandDispute and Litigation

1 message

**Vihar Patel** <vihar@vrplaw.com>
To: cim@muddlaw.com

Mon, Jun 9, 2014 at 4:22 PM

Dear Charles:

We are still waiting to have an official conversation with our clients relating to their continued representation. This is one of those conversations that I think should be done face to face and directly between the client and myself as the Managing Attorney for the law firm.

However, I wanted to address the issue of having a continuance of the evidentiary hearing for tomorrow for another thirty (30) days to avoid unnecessary legal expenses and make sure that the full background and the corporate, entertainment and some state law matters are addressed for the clients. Otherwise, we truly believe that the clients' best interests may get lost in the switching of law firms.

I have also received communications from my clients that are not clear with respect to which direction or how they want to proceed with our continued representation and the possibility of Charles' law office acting as co-counsel and us being lead counsel on some matters.

Of Course, if you have any concerns or questions, then please let us know. Thanks.

All the best.

V

Vihar R. Patel, JD, LLM
Managing Attorney
VRP Law Group, A Boutique Business,
*Employment and IP Law Firm*
201 East Ohio Street, Suite 304
Chicago, IL 60611
Main Phone: 312-854-7090
Direct Line: 312-854-7091
Mobile: 847-732-6178
Fax Line: 312-376-8751
Email: vihar@vrplaw.com
Web: www.vrplaw.com
Blog: www.vrplaw.wordpress.com



1/1

Information contained in this email transmission may be privileged and confidential. If you are not the intended recipient, do not read, distribute or reproduce this transmission (including any attachments). If you have received this email in error, please notify the sender by email reply and delete this email from your system. Under U.S. Treasury rules issued in 2005, we must inform you that any advice in this communication to you was not intended or written to be used, and cannot be used, to avoid any government penalties that may be imposed on a taxpayer.



**A Boutique Business, Employment and
Intellectual Property Law firm located in the Chicago Loop.**

June 06, 2014

Via EMAIL laurie███████████and
benjamin███████████

Laurie██████and Benjamin██████
2633 N. Central Park Avenue████
Chicago, IL 60647

**Re: LS43IPandDispute Litigation, Engagement Agreement**

Dear Ms.██████and████ 

    Thank you for our hour and half long conversation.  It is much appreciated.  I wanted to confirm the following:

1) Both of you still wanted us to represent you tomorrow at the June 10, 2014 Court hearing that VRP Law Group is officially representing you on;
2) Have both of you confirm that you want us to represent you in the federal court proceeding with Judge Ronald Guzman, because of the Corporate, Entertainment Law, and State Law issues;
3) Confirm that you have not received any official disengagement letter, a refund of your fee deposit or an accounting from VRP Law Group;
4) Further, that you have received our enclosed email with detailed recommendations, costs and fees estimates for the litigation in Federal Court; and
5) Enclosed is the email with detailed recommendations, fees and costs estimates that we provided to you on or around June 04, 2014.

    Please see enclosed email with detailed costs and fees estimates for your consideration review and approval.  We will be appearing on your behalf tomorrow at the status hearing on the protective order and will need to confirm that our appearance is still of record.  We will also seek a thirty (30) day continuance of that hearing date.

    Of Course, if you have any concerns, or questions, then please let us know.

Thanks.

S:/Vihar R. Patel
Vihar R. Patel
Managing Attorney
VRP Law, P.C., A Boutique Business,
Employment and IP Law Firm
201 East Ohio Street, Suite 304
Chicago, IL 60611
Main Phone: 312-854-7078
Fax Line: 312-376-8751
Email: vihar@vrplaw.com

Enclosures

VRP

1

**201 E. Ohio Street, Suite 304**
**Main Phone: 312-854-7090**
**Email: vihar@vrplaw.com**

**Chicago, IL 60611**
**Fax: 312-376-8751**
**Web: www.vrplawgroup.com**

22

**EXHIBIT**

**D**

RECEIVED
2015 JAN 28 PM 1: 43
U.S. DISTRICT COURT

10/24/2014                                    Gmail - Collection Letter

                                        Vihar Patel 

## Collection Letter

**Nirmal Kumar** <nirmal.getfriday@gmail.com>                    Fri, Oct 24, 2014 at 4:16 PM
To:
Cc: Vihar Patel <vihar@vrplaw.com>

Dear Mr. 

We are attempting to collect a debt and any information that you provide can and may be used by us to try to collect on the outstanding balance of $10,137.00 (inclusive of costs and fees).

We need you to respond within seven (7) business days to ensure that you promptly pay the outstanding balance of $10,137.00 (inclusive of costs and fees). We note that the engagement agreement provides for hourly rates and the work was approved before it was undertaken. Moreover, the work was reasonable and necessary for the legal matter number LS43IPandHarassment.

We are perplexed by the refusal to pay the outstanding balance and would like to avoid further collection efforts, up to and including litigation.

Please find attached the collection notice and Credit card Authorization form. Request you to please fill in the form and only mail it back to us with any Checks to mailing address at the new location, VRP Law P.C. aka VRP Law Group, 73 W. Monroe Street, Suites 211 & 219, Chicago, IL 60603

Regards

Nirmal Kumar

GetFriday (Docketing and Collections Services for VRP Law Group)

📎 **Collection Letter.pdf**
54K

11/13/2014                     Gmail - IMPORTANT-RESPONSE REQUIRED-LS43IPandHarassment for 11.12.2014

- [Quoted text hidden]

**Yelena Rivtis** <yelena@vrplaw.com>                          Tue, Nov 11, 2014 at 3:48 PM
To: Vihar Patel <vihar@vrplaw.com>

Of course!

Yelena Rivtis, JD
Attorney at Law
VRP Law Group, *A Boutique Business,*
*Employment and IP Law Firm*
73 West Monroe Suites 211 & 219
Chicago, IL 60603
Email: yelena@vrplaw.com
Main Phone: 312-854-7090

[Quoted text hidden]

**Charles Lee Mudd Jr.** <cmudd@muddlawoffices.com>           Wed, Nov 12, 2014 at 12:44 AM
Reply-To: cmudd@muddlawoffices.com
To: Yelena Rivtis <yelena@vrplaw.com>
Cc: ADM calendar <benjamin̶̶̶̶̶̶̶̶̶̶̶, Vihar Patel ̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶ Rocky Roppo 
<rocky@vrplaw.com>, Veronica Hower <veronica@vrplaw.com>

Without Prejudice

Yelena:

You have made some misrepresentations about what I stated in our conversation.

I stated that I happen to be aware of the arguments you, Vihar, and VRP Law made with respect to an "attorney
lien." I did not acknowledge the validity of the lien. In fact, I expressly stated that language as to an attorney
lien does not have an absolute effect when the amount asserted happens to be in dispute. I emphasized that
my clients dispute the amount owed. Moreover, I did not expressly state that I understood the "tax
implications." You misunderstood my statements completely. I know what you claim, but my clients dispute
the validity of the amount owed. As such, given a dispute exists, I dispute the ability of you firm to assert an
attorney's lien on an amount in dispute. As to tax implications, I make no representation one way or the other.

Are you a collections law firm? Because, if I am not mistaken, I believe the tactics used in the letter and the
efforts used to harass my clients exceed the bounds of normalcy.

Your threats continue to be misplaced. My clients dispute the work for which VRP Law has billed them and,
accordingly dispute the bill.

As you cannot agree to a settlement for less than $7,500, I do not see how there can be settlement. I will
advise my client to act accordingly. Any effort to affect my clients' credit or reputation will be responded to
accordingly.

You are no longer to contact my clients directly at all. As your principal may recall, we obtained an order in one
court to enjoin him from communicating with my clients. Although that matter became dismissed, I have no
issues proceeding to make efforts to secure the same relief in federal court.

You, Vihar, and VRP Law no longer represent Ben̶̶̶̶̶ and Laurie̶̶̶̶̶̶. You know them to be represented
by counsel, my firm. I am now again instructing you, Vihar, and VRP Law to cease communicating with either
Ben̶̶̶̶̶ or Laurie̶̶̶̶̶̶ Any further direct communication to either of them from anyone associated with
your firm will be responded to accordingly.

Further, given your mischaracterization of what I stated (clearly slanted toward your position and eliminating the
very strong position I conveyed), I suggest you contact me in writing from this point forward.



Finally, as to my status as a "fellow attorney," I explained my thoughts about the hours spent on a settlement agreement. Consequently, the appeal to my being a "fellow attorney" have no affect here.

I have attempted my best to each a resolution between VRP Law and my clients. Settlement has not been reached. So be it.

Sincerely
Charles Mudd


[Quoted text hidden]

Charles Lee Mudd Jr.
Principal and Attorney
### Mudd Law Offices
www.muddlaw.com
blog.muddlaw.com


MAIN OFFICE
3114 West Irving Park Road
Suite 1W
Chicago, Illinois 60618
773.588.5410
773.588.5440 facsimile

PARK CITY OFFICE
311 Main Street
P.O. Box 1553
Park City, Utah 84060
435.640.1786
435.603.1035 facsimile

http://www.linkedin.com/in/charlesmuddjr

@clmuddjr
http://jurismudd.com/

@onStartupRadio
http://startupradio.com
http://onstartupradio.com


Member, Chair
Social Media & Gaming Committee
Information Technology Law Association

Member, Ex-Officio
Intellectual Property Section Council
Illinois State Bar Association


NOTE: This electronic mail communication ("email") and the information contain herein has been and is intended for the addressed recipient(s) only. The information contained in this email, including any attachments, may contain confidential, privileged or proprietary information from Mudd Law Offices.

If you have received this email in error and/or you are not its intended recipient, please contact the sender of this email whose information has been listed above.

If you have received this email in error and/or you are not its intended recipient, you may not disseminate, forward, read, retransmit, or take any action in reliance upon this email, the information contained herein, any attachments hereto, and any other residual copies of the email

11/12/2014                    Gmail - IMPORTANT-RESPONSE REQUIRED-LS43IPandHarassment for 11.12.2014

(including backup copies).

This communication is not intended or written by the sender or Mudd Law Offices to be used by any recipient for the purpose of avoiding penalties that may be imposed upon the recipient under United States tax laws. As such, it cannot be used for such purpose. This notice is required by law.

Mudd Law Offices believes this e-mail and any attachments to be virus free however it is the responsibility of the recipient to ensure that it is virus free. Mudd Law Offices does not accept responsibility for any loss or damage arising in any way from the use of this communication, including attachments.

**Vihar Patel** <vihar@vrplaw.com>                                    Wed, Nov 12, 2014 at 11:23 AM
To: "Charles Lee Mudd Jr." <cmudd@muddlawoffices.com>
Cc: Yelena Rivtis <yelena@vrplaw.com>, Rocky Roppo
<rocky@vrplaw.com>, Veronica Hower <veronica@vrplaw.com>

Charles and Ben

It appears that there is a misunderstanding and what appears to be a false statement about acquiring a protective order against the Principal (presumably VRP Law Group's Managing Attorney) that Ben and Laurie never acquired, never obtained and was never even requested by your clients. This Protective Order was against Jon ~~████~~ and we represented Ben ~~████~~ and Laurie ~~████~~ in this matter. We are sure they will be able to clear that up and caution you against making false claims or allegations that tarnish or affect the professional reputation of VRP Law Group or any of its employees. This is something that we would like you to retract and confirm that you have not orally made these types of representations to anyone else.

Otherwise, we really are not sure we can trust you in reaching an amicable resolution on a simple fee dispute that we talked about on a few different times and agreed to try to resolve for $6500, but when you asked for a mutual release of claims we stated that would be fine, but Ben and Laurie would have to pay $7500. Please be very careful to ensure that you do not mistakenly make false statements and tarnish the professional reputation of a fellow attorney. As you may recall, when Ben and Laurie spoke to you and asked about your representation—we stated he is a good attorney and will be able to handle most aspects of the dispute and litigation (particularly, copyright related matters).

This is not the right way to treat a fellow attorney or not performing a reasonable investigation or being diligent regarding the prosecution history of a matter or file before making a false statement in writing. Just trying to help you with your business practices and make sure that we are on the same page. Obviously, under the Fair Debt Collections Practices Act ("FDCPA") we are entitled to report the full $10,137.00 as outstanding debt and it may be disputed, but that does not prevent us from reporting it to a credit bureau. We just cannot represent it as an undisputed debt and we are willing to work with you to resolve and have already deducted the fee deposit of $2,000 from the total amount $12,137.00 and are willing to further discount it to $7500, but our patience is wearing thin.

The amount is more than a 120 days outstanding and we are fully entitled to record a attorney's lien against any recovery the clients obtain from your federal lawsuit. Please contact me with any other concerns or questions, or if, you simply wish to discuss this matter. However, I trust you to do what you think is fair and right, but please try to avoid making a false statement that misrepresents the procedural history of a matter that we transferred over to you.

Thanks in advance for your assistance and cooperation.

All the best.

V

Vihar R. Patel, JD, LLM
Managing Attorney

VRP Law Group, *A Boutique Business,*
*Employment and IP Law Firm*
73 West Monroe Suites 211 & 219
Chicago, IL 60603
Main Phone: 312-854-7090
Direct Line: 312-561-5486 ext. 1314
Mobile: 847-732-6178
Fax Line: 312-561-5095
Email: vihar@vrplawgroup.com
Email: vihar@vrplaw.com
Web: www.vrplawgroup.com
Blog: www.empiplaw.wordpress.com

Information contained in this email transmission may be privileged and confidential. If you are not the intended recipient, do not read, distribute or reproduce this transmission (including any attachments). If you have received this email in error, please notify the sender by email reply and delete this email from your system. Under U.S. Treasury rules issued in 2005, we must inform you that any advice in this communication to you was not intended or written to be used, and cannot be used, to avoid any government penalties that may be imposed on a taxpayer.

[Quoted text hidden]

26

**EXHIBIT**

E

*Exhibit E*

statements completely. I know what you claim, but my clients dispute the validity of the amount owed. As such, given a dispute exists, I dispute the ability of you firm to assert an attorney's lien on an amount in dispute. As to tax implications, I make no representation one way or the other.

2015 JAN 28 PM 1:43

Are you a collections law firm? Because, if I am not mistaken, I believe the tactics used in the letter and the efforts used to harass my clients exceed the bounds of normalcy.

U.S. DISTRICT COURT

Your threats continue to be misplaced. My clients dispute the work for which VRP Law has billed them and, accordingly dispute the bill.

As you cannot agree to a settlement for less than $7,500, I do not see how there can be settlement. I will advise my client to act accordingly. Any effort to affect my clients' credit or reputation will be responded to accordingly.

You are no longer to contact my clients directly at all. As your principal may recall, we obtained an order in one court to enjoin him from communicating with my clients. Although that matter became dismissed, I have no issues proceeding to make efforts to secure the same relief in federal court.

You, Vihar, and VRP Law no longer represent Ben███████ and Laurie███████ You know them to be represented by counsel - my firm. I am now again instructing you, Vihar, and VRP Law to cease communicating with either Ben███████ or Laurie███████ Any further direct communication to either of them from anyone associated with your firm will be responded to accordingly.

Further, given your mischaracterization of what I stated (clearly slanted toward your position and eliminating the very strong position I conveyed), I suggest you contact me in writing from this point forward.

Finally, as to my status as a "fellow attorney," I explained my thoughts about the hours spent on a settlement agreement. Consequently, the appeal to my being a "fellow attorney" have no affect here.

I have attempted my best to each a resolution between VRP Law and my clients. Settlement has not been reached. So be it.

Sincerely
Charles Mudd

On Nov 11, 2014, at 3:28 PM, Yelena Rivtis <yelena@vrplaw.com> wrote:

Laurie███████ and Benjamin███████

Collection Efforts

LS43IPandHarassment

Response Required on Collection Efforts for Clients

Days to Act: 1-2 Business Days

Dear Charles and Ben:

Thank you Charles for speaking with me the other day in regards to the collection efforts for your clients, Laurie███████ and Benjamin███████ We recognize the

concerns you expressed to me in regards to the issue, and we want to emphasize to you again that we really do want to resolve this matter as swiftly and efficiently as possible to the benefit of all parties involved.

During our phone conversation on November 10, 2014, Charles, you informed us that you are fully aware of the outstanding attorney lien as well as its tax implications for deducting legal fees as business expenses. We just want to emphasize to you again the importance of this issue. Unfortunately, it has been more than 120 days since we have received any payment whatsoever. We cannot allow this to drag on or out much longer, we will have to report the full outstanding liability of $10,137 as an outstanding debt after November 24, 2014. Unfortunately, this is a serious matter and we think that it would be to your benefit to reevaluate the significance of this issue and we want to make sure you understand that the compromise offered of $7,500 is more than fair. This already is a discount from our full invoice and accounts for any security deposits that your clients paid.

Unfortunately we can not agree to a payment of less than $7,500. There is an outstanding balance of over $10,000 so as it is, we are providing your clients with a significant discount. We recognize that it is a significant amount of money to pay given that your clients are also required to pay your firm's legal bills, but we performed a substantial amount of work to preserve the rights that they are now litigating in Court. As a fellow attorney, we hope you can appreciate and recognize our position. The time and work of any attorney spent in performing good legal work and preserving a clients legal rights is an honor and privilege, but it does require the Clients' to be reasonable and pay their legal bills per their engagement agreement. We recognize this and are sure that you can relate. We value our time and have performed work that was approved, reasonably necessary and more than satisfactory, and of a quality that is higher than the standard for most general practice attorneys, which, is why we are trying to resolve this issue and get compensated for the complex Corporate and IP work that we have done.

When you get a chance, please speak to your clients in regards to this issue. We hope your clients realize the implications of this. If possible, we really would like to resolve this matter without having to report it to the collections agency. Again, we really do believe it would be to the benefit of all parties involved for your clients to pay the amount owed, even if it involves a possible payment plan. However, if your clients don't agree to pay the full amount ($7,500) then we will not hesitate in reporting your clients to the collections agency. If this occurs, then this collections matter will show up on your clients' personal credit records.

Thank you very much in advance for both your and your clients' cooperation. Please contact Vihar at 312-561-5486 ext. 1314 for any further questions or issues.

All the best,

Yelena Rivtis, JD
Attorney at Law
VRP Law Group, *A Boutique Business,*
*Employment and IP Law Firm*
73 West Monroe Suites 211 & 219
Chicago, IL 60603
Email: yelena@vrplaw.com
Main Phone: 312-854-7090

Charles Lee Mudd Jr.
Principal and Attorney

## Mudd Law Offices

www.muddlaw.com
blog.muddlaw.com

MAIN OFFICE
3114 West Irving Park Road
Suite 1W
Chicago, Illinois 60618
773.588.5410
773.588.5440 facsimile

PARK CITY OFFICE
311 Main Street
P.O. Box 1553
Park City, Utah 84060
435.640.1786
435.603.1035 facsimile

http://www.linkedin.com/in/charlesmuddjr

@clmuddjr
http://jurismudd.com/

@onStartupRadio
http://startupradio.com
http://onstartupradio.com

Member, Chair
Social Media & Gaming Committee
Information Technology Law Association

Member, Ex-Officio
Intellectual Property Section Council
Illinois State Bar Association

NOTE: This electronic mail communication ("email") and the information contain herein has been and is intended for the addressed recipient(s) only. The information contained in this email, including any attachments, may contain confidential, privileged or proprietary information from Mudd Law Offices.

If you have received this email in error and/or you are not its intended recipient, please contact the sender of this email whose information has been listed above.

If you have received this email in error and/or you are not its intended recipient, you may not disseminate, forward, read, retransmit, or take any action in reliance upon this email, the information contained herein, any attachments hereto, and any other residual copies of the email (including backup copies).

This communication is not intended or written by the sender or Mudd Law Offices to be used by any recipient for the purpose of avoiding penalties that may be imposed upon the recipient under United States tax laws. As such, it cannot be used for such purpose. This notice is required by law.

Mudd Law Offices believes this e-mail and any attachments to be virus free however it is the responsibility of the recipient to ensure that it is virus free. Mudd Law Offices does not accept responsibility for any loss or damage arising in any way from the use of this communication, including attachments.

Charles Lee Mudd Jr.
Principal and Attorney
**Mudd Law Offices**
www.muddlaw.com
blog.muddlaw.com

MAIN OFFICE
3114 West Irving Park Road
Suite 1W
Chicago, Illinois 60618
773.588.5410
773.588.5440 facsimile

PARK CITY OFFICE
311 Main Street
P.O. Box 1553
Park City, Utah 84060
435.640.1786
435.603.1035 facsimile

http://www.linkedin.com/in/charlesmuddjr

@clmuddjr
http://jurismudd.com/

@onStartupRadio
http://startupradio.com
http://onstartupradio.com

Member, Chair
Social Media & Gaming Committee
Information Technology Law Association

Member, Ex-Officio
Intellectual Property Section Council
Illinois State Bar Association

NOTE: This electronic mail communication ("email") and the information contain herein has been and is intended for the addressed recipient(s) only. The information contained in this email, including any attachments, may contain confidential, privileged or proprietary information from Mudd Law Offices.

If you have received this email in error and/or you are not its intended recipient, please contact the sender of this email whose information has been listed above.

If you have received this email in error and/or you are not its intended recipient, you may not disseminate, forward, read, retransmit, or take any action in reliance upon this email, the information contained herein, any attachments hereto, and any other residual copies of the email (including backup copies).

This communication is not intended or written by the sender or Mudd Law Offices to be used by any recipient for the purpose of avoiding penalties that may be imposed upon the recipient under United States tax laws. As such, it cannot be used for such purpose. This notice is required by law.

Mudd Law Offices believes this e-mail and any attachments to be virus free however it is the responsibility of the recipient to ensure that it is virus free. Mudd Law Offices does not accept responsibility for any loss or damage arising in any way from the use of this communication,

23

**EXHIBIT**

**F**

                                            Vihar Patel 

# IMPORTANT-RESPONSE REQUIRED-LS43IPandHarassment for 11.12.2014

9 messages

**Yelena Rivtis** <yelena@vrplaw.com>                               Tue, Nov 11, 2014 at 3:28 PM
To: "Charles Lee Mudd Jr." <cmudd@muddlawoffices.com>, ADM calendar ████████████
Cc: Vihar Patel ████████████████████, Rocky Roppo <rocky@vrplaw.com>, Veronica Hower
<veronica@vrplaw.com>

Laurie ███████ and Benjamin ██████████

Collection Efforts

LS43IPandHarassment

Response Required on Collection Efforts for Clients

Days to Act: 1-2 Business Days


Dear Charles and Ben:


Thank you Charles for speaking with me the other day in regards to the collection efforts for your clients, Laurie
████████ and Benjamin ████████ We recognize the concerns you expressed to me in regards to the issue, and we
want to emphasize to you again that we really do want to resolve this matter as swiftly and efficiently as
possible to the benefit of all parties involved.


During our phone conversation on November 10, 2014, Charles, you informed us that you are fully aware of the
outstanding attorney lien as well as its tax implications for deducting legal fees as business expenses. We just
want to emphasize to you again the importance of this issue. Unfortunately, it has been more than 120 days
since we have received any payment whatsoever. We cannot allow this to drag on or out much longer, we will
have to report the full outstanding liability of $10,137 as an outstanding debt after November 24, 2014.
Unfortunately, this is a serious matter and we think that it would be to your benefit to reevaluate the significance
of this issue and we want to make sure you understand that the compromise offered of $7,500 is more than fair.
This already is a discount from our full invoice and accounts for any security deposits that your clients paid.


Unfortunately we can not agree to a payment of less than $7,500. There is an outstanding balance of over
$10,000 so as it is, we are providing your clients with a significant discount. We recognize that it is a significant
amount of money to pay given that your clients are also required to pay your firm's legal bills, but we performed
a substantial amount of work to preserve the rights that they are now litigating in Court. As a fellow attorney, we
hope you can appreciate and recognize our position. The time and work of any attorney spent in performing good
legal work and preserving a clients legal rights is an honor and privilege, but it does require the Clients' to be
reasonable and pay their legal bills per their engagement agreement. We recognize this and are sure that you
can relate. We value our time and have performed work that was approved, reasonably necessary and more
than satisfactory, and of a quality that is higher than the standard for most general practice attorneys, which, is
why we are trying to resolve this issue and get compensated for the complex Corporate and IP work that we
have done.

When you get a chance, please speak to your clients in regards to this issue. We hope your clients realize the implications of this. If possible, we really would like to resolve this matter without having to report it to the collections agency. Again, we really do believe it would be to the benefit of all parties involved for your clients to pay the amount owed, even if it involves a possible payment plan. However, if your clients don't agree to pay the full amount ($7,500) then we will not hesitate in reporting your clients to the collections agency. If this occurs, then this collections matter will show up on your clients' personal credit records.

Thank you very much in advance for both your and your clients' cooperation. Please contact Vihar at 312-561-5486 ext. 1314 for any further questions or issues.

All the best,

Yelena Rivtis, JD
Attorney at Law
VRP Law Group, *A Boutique Business,*
*Employment and IP Law Firm*
73 West Monroe Suites 211 & 219
Chicago, IL 60603
Email: yelena@vrplaw.com
Main Phone: 312-854-7090

---

**Vihar Patel** <vihar@vrplaw.com>                                    Tue, Nov 11, 2014 at 3:40 PM
To: Yelena Rivtis <yelena@vrplaw.com>

Yelena

Thanks, I appreciate it!

All the best.

V

Vihar R. Patel, JD, LLM
Managing Attorney
VRP Law Group, *A Boutique Business,*
*Employment and IP Law Firm*
73 West Monroe Suites 211 & 219
Chicago, IL 60603
Main Phone: 312-854-7090
Direct Line: 312-561-5486 ext. 1314
Mobile: 847-732-6178
Fax Line: 312-561-5095
Email: vihar@vrplawgroup.com
Email: vihar@vrplaw.com
Web: www.vrplawgroup.com
Blog: www.empiplaw.wordpress.com

Information contained in this email transmission may be privileged and confidential. If you are not the intended recipient, do not read, distribute or reproduce this transmission (including any attachments). If you have received this email in error, please notify the sender by email reply and delete this email from your system. Under U.S. Treasury rules issued in 2005, we must inform you that any advice in this communication to you was not intended or written to be used, and cannot be used, to avoid any government penalties that may be imposed on a taxpayer.

24

**EXHIBIT**

G

RECEIVED

2015 JAN 28 PM 1:44

U.S. DISTRICT COURT

11/14/2014          Gmail - LS43IPandHarassment (Outstanding Invoice from VRP Law Group)

 

**Vihar Patel**

---

# LS43IPandHarassment (Outstanding Invoice from VRP Law Group)

---

**Vihar Patel** <vihar@vrplaw.com>                 Fri, Nov 14, 2014 at 12:55 PM
To: "Charles Lee Mudd Jr." <cmudd@muddlawoffices.com>
Cc: Yelena Rivtis <yelena@vrplaw.com>, Rocky Roppo <rocky@vrplaw.com>, veronica <veronica@vrplaw.com>

FRE 408-Settlement Negotiations and Communications with A Last Effort to Avoid Litigation and
Unnecessary Collection Efforts and Related Matters. *Material Terms Redacted*

Charles,

As a follow up to our telephone conversation, we wanted to encourage you to do a little bit more work to try and
resolve this fee dispute. Clearly, you are obligated to report any settlement offer to a client and the terms of the
settlement and communicate it to your client▮▮▮▮is what we will be seeking in the event of litigation and
any future collection efforts and expenses related to collecting on the lien. I am sure you as a lawyer should
understand this obligation and that the additional delays and expenses involved in litigation are more than
justified in light of the research and costs of engaging in litigation.

Please do me a favor and understand that the offer o▮▮▮▮was an offer that was provided to avoid litigation.
We may be willing to consider this amount again, but we are conducting some legal research and will confirm to
determine whether or not, we can file a mechanic's lien action and as I am sure you are aware the IL Mechanic's
Lien Act allows the recovery of legal fees involved in collecting. You may try to file a complaint to the CBA to
arbitrate the fee dispute, but this is something your client has to do prior to us filing our lawsuit.

More importantly, instead of going through this additional burden, expense and incurring additional legal fees
relating to litigation--does it not make more sense to avoid this hassle and trouble by communicating the
aforementioned settlement offers and demands to acquire a last and final offer from Laurie and Ben and avoid
the additional fees and expense and the problems to Ben and Laurie's credit. Moreover, Charles do you really
need to be involved in a fee dispute or dealing with a complaint relating to a Mechanic's Lien Action?

At this point, based on the prior false statement about a invalid protective order being taken out personally
against VRP Law Group and its Principal--based on the following:

a) a proceeding in which neither, VRP Law Group and its Principal were never a party;
b) the Court had no personal jurisdiction and were not served with a complaint for a protective order, but a motion
for substitution of counsel;
c) the lack of any statements to have the court retain jurisdiction;
d) the lack of clarity about whether or not, the client and the judge heard and approved the effort to insert an
inappropriate restraint in contacting my clients even from collection efforts and to keep the client;
e) the proceeding being against Jon Seymour and no one else being a party other than Laurie▮▮▮and
Benjamin▮▮▮
f) both Laurie▮▮▮and Benjamin▮▮▮were my clients and Benjamin▮▮▮was leaning towards
continuing to use VRP Law Group after you spoke to Laurie and Ben, but such an incorrect and inappropriate
use of such a tactic;
g) the prior permission to talk to Benjamin▮▮▮being revoked when we pointed out the falseness of that
statement and your refusal to acquire a last and final best offer seems to be an inappropriate response.

You just need to communicate with me and VRP Law Group to let us know if, you have called Laurie and Ben
and whether or not, there is a last and final best offer by the end of the day by 5:00pm CST today. You only,
need communicate the first two paragraphs of the this last settlement offer. Obviously, we are willing to
consider a last and final best offer, but▮▮▮s not going to get it done. Our offer is still▮▮▮o avoid
litigation and collection efforts. If, we conduct litigation at a minimum it will be ▮▮▮and maybe higher
because of legal fees and expenses.

Of course, if you have any concerns or questions, then please contact us.



Thanks.

All the best.

Vihar R. Patel, JD, LLM
Managing Attorney
VRP Law Group, *A Boutique Business,*
*Employment and IP Law Firm*
73 West Monroe Suites 211 & 219
Chicago, IL 60603
Main Phone: 312-854-7090
Direct Line: 312-561-5486 ext. 1314
Mobile: 847-732-6178
Fax Line: 312-561-5095
Email: vihar@vrplawgroup.com
Email: vihar@vrplaw.com
Web: www.vrplawgroup.com
Blog: www.empiplaw.wordpress.com

Information contained in this email transmission may be privileged and confidential. If you are not the intended recipient, do not read, distribute or reproduce this transmission (including any attachments). If you have received this email in error, please notify the sender by email reply and delete this email from your system. Under U.S. Treasury rules issued in 2005, we must inform you that any advice in this communication to you was not intended or written to be used, and cannot be used, to avoid any government penalties that may be imposed on a taxpayer.

[Quoted text hidden]