# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VRP LAW P.C. A/K/A or D/B/A VRP LAW GROUP, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:15-cv-00880 |
| v. | ) ) ) | |
| MUDD LAW OFFICES, and CHARLES MUDD, | ) ) ) | Hon. Edmond E. Chang |
| Defendants. | ) ) ) | |

## MOTION TO SEAL CASE

NOW COME the Defendants and respectfully file this Motion to Seal the Case stating as follows:

1. On January 28, 2015, the Plaintiff filed its Complaint for Copyright and Trademark Infringment, Intentional Interference with Contractual Relationships, Illinois Mechanic's Lien Act, and Illinois Right of Publicity Act ("Complaint") (Dkt. No. 1).

2. The contents of the Plaintiff's Complaint reveal specfic details regarding a client ("Client") the Plaintiff formerly represented and which the Defendants currently represent.

3. Accompanying the Plaintiff's Complaint, the Plaintiff filed Exhibits A through G (Dkt. No. 1).

4. Exhibits A through G to the Plaintiff's Complaint contain confidential private communications between the Plaintiff and the Client regarding the Plaintiff's representation of the Client.

5. Additionally, Exhibits A through G to the Plaintiff's Complaint contain confidential private communications between the Plaintiff, as former counsel for the Client, and

the Defendants, as the Client's new counsel, regarding the Plaintiff's representation of the Client and related matters.

6. The contents of the Complaint and its attached Exhibits A through G contain unauthorized disclosures of information relating to the legal representation of the Client in violation of Rule 1.9 of the Illinois Surpeme Court Rules of Professional Conduct ("Rules"). Nothing in the Rules warrant this blatant disclosure of private confidential communications and the information contained therein relating to the representation of the Client and related matters.

7. Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure and Local Rule 26.2, the Court may enter an order directing that one or more documents be restricted and placed under seal for good cause. Fed. R. Civ. P. 5.2(d); Local Rule 26.2.

8. The Seventh Circuit has held that "information covered by a recognized privilege (such as the attorney-client privilege) and information required by statute to be maintained in confidence […] is entitled to be kept secret." Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 547 (7th Cir. 2002).

9. Here, the Plaintiff's Complaint and attached Exhibits relate to specific details regarding the representation of the Client, as well as a dispute between the Client and the Plaintiff. This information is protected by the attorney-client privilege, as well as the Illinois Supreme Court Rules of Professional Conduct.

10. To protect the Client's interests as the Rules intended, this case must be placed under seal. See Ill. Rules of Prof'l Conduct R. 1.9 (2010); Baxter Int'l, Inc., 297 F.3d at 547.

11. Should this case remain unsealed and publicly available, the Client will be prejudice by having private, confidential communications available for anyone to review. Particularly, as the dispute for which the Client retained by the Plaintiff and the Defendants

remains pending, the information could prejudice the Client in that dispute and its pending litigation.

12. Moreover, to properly respond to the frivolous and meritless Complaint, the Defendants will need to disclose certain confidential information relating to the Client and the Defendant's representation of the Client. As such, should the case remain unsealed, the Defendants will be unable to properly respond to the Complaint and, at the same time, maintain the confidentiality of their Client's information.

13. Additionally, any response to the Complaint would necessarily involve disclosing private and sensitive information regarding the Plaintiff and its principal attorney.[1]

14. Based on the foregoing, the Client will be harmed absent complete sealing of this case. Thus, this Court should seal this case. See Doe v. A Corp., 709 F.2d 1043, 1044, fn. 1 (5th Cir. Tex. 1983); Travelers Indem. Co. v. Excalibur Reinsurance Corp., 2013 U.S. Dist. LEXIS 110400, *18 (D. Conn. Aug. 5, 2013); Emplrs. Ins. Co. of Wausau v. Skinner, 2008 U.S. Dist. LEXIS 76620, *24 (E.D.NY. Sept. 17, 2008); Sampson Fire Sales, Inc. v. Oaks, 201 F.R.D. 351, 362 (M.D. Pa. 2001).

15. Additionally, sealing the case will not cause any harm to public interest. See Malibu Media, LLC v. Doe, No. 13-C-0213, 2013 U.S. Dist. LEXIS 156323, at *11 (E.D. Wis. Oct. 31, 2013) (allowing sealing where the court could, "see no harm to the public interest in sealing"). As this case involves confidential subject matter relating to the legal representation of a client protected by existing Rules, there exists little harm to the public interest associated with sealing the case. Id. Indeed, sealing the case will, in this regard, serve the public interest.

---

[1] Rather than publicly disclosing information alluded to in Paragraphs 9 and 10 of this Motion, the Defendants have chosen to withhold specific information at this time. However, the Defendants and their counsel can provide such further information to the Court *in camera* or in some other form at the Court's direction.

16. Based on the foregoing, good cause exists to seal this case. Consequently, in the interests of all Parties and the public, the Defendants move this Court to seal this case in its entirety.

WHEREFORE, the Defendants move this Court to:

A. Enter an order indefinitely sealing case number 2015-cv-00880, VRP Law P.C. v. Mudd Law Offices, et al. in its entirety;

B. Enter an order directing the Clerk of the Court to (a) place the Complaint and all other documents already filed with the Court in this case under seal such that they will be restricted from public access and view; (b) mark this case as restricted and sealed; and, (c) restrict and seal any future filings in this case; and,

C. Provide such further relief as needed to effectuate the intent of the Defendants in filing this Motion.

Dated: Chicago, Illinois
February 6, 2015

DEFENDANTS,
MUDD LAW OFFICES AND
CHARLES MUDD

/s/ Larry J. Lipka_____
By: One of Their Attorneys
Charles Lee Mudd Jr.
MUDD LAW OFFICES
3114 West Irving Park Road
Suite 1W
Chicago, Illinois 60618
773.588.5410 Phone
773.588.5440 Fax
ARDC# 6297043
ljl@muddlaw.com

4