IN THE UNITED STATES DISTRICT COURT

NORTHERN ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **VRP LAW P.C. aka** | ) | |
| **VRP LAW GROUP,** | ) | Judge Edmond F. Chang |
| v. | ) | |
| | ) | 2015 CV 0880 |
| **CHARLES MUDD AND** | ) | |
| **MUDD LAW OFFICES,** | ) | |
| **DEFENDANTS.** | ) | |

**PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANTS' MOTION TO SEAL.**

Now Comes, the "Plaintiff" or "Victim", VRP Law P.C. aka VRP Law Group, on behalf of, Vihar R. Patel, the Defendants on February 06, 2015 filed a Motion to Seal the Complaint filed the Victim relating to Breach of Engagement Agreement, Violation of the IL Mechanics Lien Act, Unfair Competition, Dilution, Tarnishment, Trademark and Copyright Infringement, among other things:

1. On January 28, 2015, the Plaintiff or Victim, filed a complaint against Charles Mudd and Mudd Law Offices (Collectively, "Defendants") jointly and asserted the following claims: Federal and Common Law Trademark Infringement, Federal and Common Law Copyright Infringement[1], Violations of the IL Mechanic's Lien Action, Breach of an Engagement Agreement, and Violations of the IL Right of Publicity Act.

2. In a misguided effort to try to avoid the exhibits and contents of the Complaint remaining a part of the public record, the Defendants filed a bare bones motion to seal broadly alleging that Exhibit A-G and the entire complaint should be sealed (Defendants' Motion to Seal pars 4-7, and pars. 14-17). The Defendants primary argument is merely, that Exhibits A-G go to the Plaintiff's Complaint Contained Attorney Client Communications or Confidential Settlement Communications. However, anything more than a

---

[1] The Plaintiff in error stated Common Law Copyright Infringement, instead, the Plaintiff was alleging Federal Copyright Infringement, but based on Count I and Copying the Title inadvertently left the "Common Law" language in the title of Count II. Thus, please note that Plaintiff is only, alleging Federal Copyright Infringement.

1

cursory examination will reveal that the Motion to Seal is not only, misguided, but fails to comply with Federal Rules of Civil Procedure 26 and 37 ("FRCP"), because of its misapplication to Fifth and Seventh Circuit Case Law.   Further, the Defendants' Motion to Seal simply ignores binding US Supreme Court Case Law that

**THE DEFENDANTS' MOTION TO SEAL IS CONTRARY TO THE CASE LAW CITED IN ITS MOTION AND FAILS TO PROVIDE AN ACCURATE STATEMENT OF THE STANDARDS FOR DECIDING IF, THE EXHIBITS CONTAIN A CONFIDENTIAL OR PROSCRIBED COMMUNICATIONS.**

    **3.**  The problem with the Defendants' Motion to Seal is that it fails to provide an accurate summary of the holdings of the cases found in support of the Motion to Seal.  For example, *Doe v. A Corp.,* itself states and holds that an attorney is actually allowed to sue and disclose confidential information, when, it is necessary for the lawyer to do any of the following: a) prevent a client from committing a crime as provided by the Rules of Professional Conduct 1.6 ("RPC") and F.R.C. P. 45); b) **collect, dispute or litigate fee disputes (obviously, would include breach of engagement agreements and attorney's lien actions as permitted by RPC 1.6, and Rule 45); c) to defend against a claim of wrongful conduct by the attorney (as permitted by RPC, and F.R.C. P. Rule 45; and d) to pursue a claim that the lawyer needs to pursue to avoid manifest injustice to the lawyer**.  Federal Rule of Civil Procedure 45 (c) (3) (A) (iii); *Doe v. A Corp.*, 709 F.2d 1043, 1048-50, (5th Cir. 1983);  *Gotham Holdings, LP v. Health Grades, Inc.,* 580 F.3d 664, 665-67, (7th Cir. 2009;) citing <u>Baxter International, Inc. v. Abbott Laboratories, 297 F.3d 544, 545 (7th Cir. 2002)</u>; <u>United States v. Foster, 564 F.3d 852, 854, (7th Cir. 2009)</u> (<u>Easterbrook</u>, C.J., in chambers).

    4.  In this case, the Victim's Complaint is not only, proper under Federal Rule of Civil Procedure 8, but appropriately, references exhibits that do not disclose any confidential information, attorney client or attorney work product information that can cause or result in a waiver or be used to assert violation of any lawyers duty to confidentiality under Rules of Professional Conduct 1.6. As stated above the exhibits are permitted to be filed and made part of the public record for the following reasons:

    a) There is nothing being discussed in any of the communications other than, the clients' outstanding fee dispute;
    b) The nature and explicit terms of the false and misleading statements by Defendants (required to be disclosed to avoid manifest injustice to the lawyer);

NON CONFIDENTIAL VERSION TO BE FILED AND COPYRIGHTS RETAINED 2015

  c) There is no rule 408 language relating to settlement and even if, there was it would be in sufficient to require confidentiality;

  d) There is no attorney work product information and the nature of the content communications go towards efforts by the attorneys to do nothing more, than offer possible options that may, or may not be something to think about with respect to selecting an attorney;

  e) Moreover, this detailed communication and letter is being offered not for the purpose of identifying a detailed analysis of the facts and providing a full blown legal opinion on litigation strategy, but merely, the preliminary analysis to discuss further with the client; and

  f) Finally, the contents of the communication are offered for the limited purpose to demonstrate the reasonableness of the fee request by the Victim.

**UNLIKE THE LAWYER IN *DOE V. A CORP*, FILING AN ACTION THAT IS A SHAREHOLDER DERIVCATIVE ACTION AND NOT PURSUING A PERSONAL CLAIM; IN THIS CASE, THE MANAGING ATTORNEY IS THE SOLE SHAREHOLDER AND IS PURSUING AN ESSENTIAL PERSONAL CLAIM, BUT AS A SHAREHOLDER OF A CORPORATION.**

  5. To avoid manifest injustice to the Victim (VRP Law P.C. aka VRP Law Group) and the sole shareholder of the Victim (Vihar R. Patel) the Exhibits and the allegations in the Complaint are not disclosing any substantive details, such as, material facts, in depth legal theories, strengths and weaknesses, binding precedent, or need to assert a change in the law *Doe v. A Corp.*, 709 F.2d 1043, 1049, (5th Cir. 1983) (Assuming that the information specified is an category of confidential information there must be a further inquiry that considers the interest in making litigants proceedings public and the attorney's to need to acquire justice). Federal Rule of Civil Procedure 45 (c) (3) (A) (iii); *Doe v. A Corp.*, 709 F.2d 1043, 1049, (5th Cir. 1983); *Gotham Holdings, LP v. Health Grades, Inc.,* 580 F.3d 664, 665-67, (7th Cir. 2009;) citing *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir. 2002); *United States v. Foster*, 564 F.3d 852, 854, (7th Cir. 2009) (Easterbrook, C.J., in chambers).

  6. Instead, the communications merely, involve an effort by the Victim to get full compensation for the legal fees owed, fully have his or its' reputation cleared, to avoid further tarnishment, describe with specificity the nature of the false and misleading communications, as required by Federal Rule of Civil Procedure 9. *F.R.C.P. 9.* Further, the Defendants' personal preference to have this matter sealed or kept a secret, because it may be something they do not want to share is not sufficient to establish the requisite privacy, or secrecy interest to comply with Federal Rule of Civil Procedure 45 (c) (3) (A) (iii). *Gotham Holdings, LP v. Health Grades, Inc.,* 580 F.3d 664, 665-67, (7th Cir. 2009;) citing *Baxter International, Inc. v.*

NON CONFIDENTIAL VERSION TO BE FILED AND COPYRIGHTS RETAINED 2015

*Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir. 2002) (stating that litigants like Defendants must do more than reference the document and claim secrecy requirement); *United States v. Foster*, 564 F.3d 852, 854, (7th Cir. 2009) (Easterbrook, C.J., in chambers) (actual or true trade secrets and bona fide long term confidentiality agreements may be subject to seal, but in this case, communications about fees, negotiations to resolve a dispute or sample billing to demonstrate reasonableness of a bill are not subject to secrecy).

**7.** Thus, as much as, Defendants may like to keep this a secret, they still have failed, to even get over the threshold, "good cause" requirement to seal any of documents, lines or terms in the exhibits, any paragraphs or other contents in the Victim's Complaint. (Defendants' Motion to Seal pars. 4-17). Quite frankly, there is precedent requiring, certain non-confidential or even confidential attorney client communications to be made a part of the public record, even if, they may include state secrets. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347-49, (7th Cir. 2006); and *Gotham Holdings, LP v. Health Grades, Inc.,* 580 F.3d 664, 665-67, (7th Cir. 2009) (stating that even state secrets are subject to the issuance of a public opinion and just the mere assertion of state secrets or attorney client communication privilege does not take a fee dispute out of the realm of the public record and secrecy with just their first names).

8. In this case, the Plaintiff's last names were attempted to be redacted and are not revealed. Further, Plaintiff is willing to ensure that the last names are fully redacted, so none of it is visible through its prior redaction efforts, but even this does not meet the standard for "good cause" required to justify, either, a protective order, or a motion to seal. (See Complaint and Related Exhibits). (The Clients' last name does nothing to allow any individual to assert that there is a breach of attorney client privileged communications, because it does not contain any detailed legal opinions, or advice and is nothing more than, a limited disclosure[2] to protect the attorney's rights to prosecute claims to acquire justice and/or collect outstanding fees). *CCT Enters., LLC v. Kriss United States*, Inc., 2015 U.S. Dist. LEXIS 8242, *11-14, (E. Dist. Wis. 2015).

**THE DEFENDANTS OVERGENERALIZED MOTION TO SEAL FAILS TO OVERCOME THE GENERAL PUBLIC NATURE OF MOST LITIGATION PROCEEDINGS. THE US SUPREME COURT REQUIRES MORE SPECIFIC DETAILED REFERENCES, "GOOD CAUSE", AND A SPECIFIC CATEGORY**

---

[2] By providing a limited disclosure and a sample of a letter and email that determines the reasonableness of the fee request instead of the full listing of fees—the Plaintiff has engaged in an effort to further protect its former clients by not oversharing information that may contain actual detailed and specific information for the lawsuit with in depth analysis of strengths and weaknesses.

NON CONFIDENTIAL VERSION TO BE FILED AND COPYRIGHTS RETAINED 2015

## OF PROTECTED OR SECRET INFORMATION WORTHY OF MAININTAING IT AS A SECRET, OR REQUIRING AN ORDER SEALING THE INFORMAITON FROM THE PUBLIC.

9. Bare bones and overgeneralized requests to keep, or maintain communications, or contents of a lawsuit a secret are insufficient, to overcome the general presumption in favor of making pleadings and opinions based on pleadings to be part of the public record (other, than more detailed and confidential discovery materials). *CCT Enters., LLC*, 2015 U.S. Dist. LEXIS 8242, *11-14, (N. Dist. 2015) and *Hicklin Eng'g, L.C.*, 439 F.3d 346, 347-49, (7th Cir. 2006). There has to be an effort to identify, details and specific language to permit a litigant to have its request for secrecy considered: "good cause", specific cites to the records and secret, or confidential information is required before the Court can entertain such a request. See Also, *Gotham Holdings, LP v. Health Grades, Inc.*, 580 F.3d 664, 665-67, (7th Cir. 2009;) citing *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 545, (7th Cir. 2002) (stating that litigants like Defendants must do more than reference the document and claim secrecy requirement); and *United States v. Foster*, 564 F.3d 852, 854, (7th Cir. 2009) (Easterbrook, C.J., in chambers) (Ordinarily, opinions or most litigation proceedings are generally, public thus, there has to be some secrecy, or confidentiality interest that is able to meet the "good cause" requirement for redacting it, or excluding it from the public record).

10. Any efforts to make something subject to, or part of a motion to seal must contain explicit references to the record, pages, lines, exact language, category of confidential or secret information (i.e. Attorney Client Communications, Trade Secrets, Personal Identity Information, Confidential Tax Records or otherwise, statutory or privileged information), *Cox v. Sherman Capital LLC*, 2014 U.S. Dist. LEXIS 178647, *11-14, (S Dist. Ind. 2014) citing *Baxter International, Inc.*, 297 F.3d 544, 545, (7th Cir. 2002) (stating that litigants like Defendants must do more than reference the document and claim secrecy requirement); *In re Specht*, 622 F.3d 697, 701, (7th Cir. 2010) (documents such as pleadings, especially preliminary complaints with Exhibit A-G are likely to affect the disposition of a case in the form of a motion to dismiss, motion for summary judgment or a motion for a judgment on the pleadings; thus, types of documents are open to public review and scrutiny); *United States*, 564 F.3d 852, 854, (7th Cir. 2009) (Easterbrook, C.J., in chambers) and *Hale v. State Farm Mut. Auto. Ins. Co.*, 2014 U.S. Dist. LEXIS 178166, *3-5 (S Dist. Ind. 2014).

NON CONFIDENTIAL VERSION TO BE FILED AND COPYRIGHTS RETAINED 2015

**THE PRIVACY INTEREST MUST BE SPECIFIED WITH SUFFICIENT DETAIL AND REFERENCES TO THE PROTECTED OR SECRET INFORMATION THAT ALLOWS A COURT TO DETERMINE IF, THERE REALLY IS GOOD CAUSE FOR THE COURT TO ENTERTAIN A MOTION TO SEAL AND LACK OF SPECIFICITY IS MORE THAN SUFFICIENT TO DENY THE REQUEST, MOTON TO SEAL OR A MOTION FOR A PROTECTIVE ORDER.**

11. The nature of the Defendants' bare bones and general references to settlements, confidentiality, or attorney client communications is not sufficient to meet the threshold specificity requirement, or the "Good Cause" requirement to have, the Court, entertain a further, more in depth, analysis of the Privacy interest at issue and the attorney's interests, or need in disclosing the information for purposes of a lawsuit. *Kohler Co. v. Kopietzki*, 2014 U.S. Dist. LEXIS 176934, *4-7, (E. Dist. Wis. 2014) and *Citizens First Nati'l Bank v. Certified Ins. Co.*, 178 F.3d 943, 944-45, (7th Cir 1999); *Medical Protective Co. v. Am. Int'l Specialty Lines Ins. Co.*, 2014 U.S. Dist. LEXIS 166005 *3-5, (N. Dist. Ind. 2014); *Cox v. Sherman Capital LLC*, 2014 U.S. Dist. LEXIS 178647, *11-14, (S Dist. Ind. 2014) citing *Baxter International, Inc.*, 297 F.3d 544, 545, (7th Cir. 2002) and *In re Razo*, 446 B.R. 918, 920 (Bankr. N.D. Ind. 2011) (stating that a document by document, line by line, word by word, and "good cause" for the referenced language is required before a motion to seal can be considered).

12. Merely, stating that the information is embarrassing, because by its literal terms it demonstrates the falseness of the Defendants' statements within the Complaint and Exhibits A-G is not sufficient to overcome the need to keep this information part of the public record. *Medical Protective Co. v. Am. Int'l Specialty Lines Ins. Co.*, 2014 U.S. Dist. LEXIS 166005, *2-5, (N. Dist. Ind. 2014); <u>Shepard v. Humke</u>, No. IP 01-1103-C-H/K, 2003 U.S. Dist. LEXIS 5280, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs*., 297 F.3d 544, 547 (7th Cir. 2002)*. Unlike the Defendants' citation and reference to *Malibu Media LLC v. Doe,* here we have a significant public interest in ensuring that the false information that the general public, prospects, clients, colleagues and professionals receives or are provided is contradicted or its tendency to harm or mislead is reduced by maintaining the public's right to access the records. *Citizens First Nati'l Bank v. Certified Ins. Co.*, 178 F.3d 943, 944-45, (7th Cir 1999) (stating the Judge is a primary safeguard of the interest of the public in access of these materials that are non-discovery related exhibits).

13. In this case, there is a significant public interest that is also, protected by the Victim's IL Right of Publicity Act Claim and the Federal and

NON CONFIDENTIAL VERSION TO BE FILED AND COPYRIGHTS RETAINED 2015

Common Law Trademark Infringement Claims (ensuring that consumers and the general public are provided accurate and truthful information about its business practices—**including not using retainers**, or **having its collections efforts for reasonable legal fees be characterized as harassment even though it complies with the law**). *Medical Protective Co. v. Am. Int'l Specialty Lines Ins. Co.*, 2014 U.S. Dist. LEXIS**, *2-5, (N. Dist. Ind. 2014); *Citizens First Nati'l Bank v. Certified Ins. Co.*, 178 F.3d 943, 944-45, (7th Cir 1999); *Shepard v. Humke*, No. IP 01-1103-C-H/K, 2003 U.S. Dist. LEXIS 5280, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs*., 297 F.3d 544, 547 (7th Cir. 2002) (public interests of this variety are more important than bare bones references to attorney client communications, settlement communications without rule 408 language, and any significant privacy interest or embarrassment the Defendants may be seeking to protect).

### THE DEFENDANTS' REFERENCES TO ATTORNEY CLIENT COMMUNICATIONS, SETTLEMENT COMMUNICATIONS WITHOUT RULE 408 LANGUAGE IS NOT SUFFICIENT TO OVERCOME THE PUBLIC'S RIGHT OF ACCESS. CONSEQUENTLY, THE DEFENDANTS MOTION TO SEAL MUST BE DENIED IN ITS ENTIRETY.

14. Certainly, this is something that has damaged the Victim's professional reputation and esteem as a lawyer in the Chicagoland community and its clients' relationships. The Court should avoid sealing the Complaint and Exhibits A-G serve the functions of supplementing the allegations in the complaint serve to add vital foliage around the branches of a tree to support the trunk. Exhibits A-G are not only, part of the Complaint, but add to the strength of its allegations by providing vital context and factual accuracy. *Gotham Holdings, LP.,* 580 F.3d 664, 665-67, (7th Cir. 2009); *In re Specht*, 622 F.3d 697, 701, (7th Cir. 2010) (documents such as pleadings, especially preliminary complaints with Exhibit A-G are likely to affect the disposition of a case in the form of a motion to dismiss, motion for summary judgment or a motion for a judgment on the pleadings; thus, types of documents are open to public review and scrutiny).

15. This is vital for Judges and the public to understand any opinions that are later issued in this case. Thus, Exhibits A-G are not subject to a good cause basis for confidentiality or a sealing order, they further do not enable a whole sale sealing order of the Complaint. *United States v. Layo*, 2014 U.S. Dist. LEXIS 125938, *2-3, citing *Baxter Int'l, Inc. v. Abbott Labs*., 297 F.3d 544, 547 (7th Cir. 2002) (the documents or Exhibits A-G are certainly important to the Court's opinion on any motions to dismiss, motion for judgment on the pleadings, and/or any related opinions on the claims asserted by the Victim; thus, Defendants' Motion to Seal is not well founded

NON CONFIDENTIAL VERSION TO BE FILED AND COPYRIGHTS RETAINED 2015

==in law and does not comply with Seventh Circuit and US Supreme Court precedent).==

WHEREFORE, the Plaintiff, Vihar R. Patel, respectfully requests that all Exhibits A-G remain as is and part of the Public Record and the allegations that are in the Complaint remain part of the Public Record in this Civil Proceeding to correct and remedy the harms created by falsified statements and efforts to tarnish an individual's reputation, instead of, fair competition.

Respectfully Submitted By:

S://<u>Vihar R. Patel</u>
Vihar R. Patel
Chrystan Carlton
Managing Attorney
VRP Law Group
Attorney ID: 40953
2041 W. Carroll Ave., Suite C-208
Chicago, IL 60612
P: 312-316-8935
Email: vihar@vrplawgroup.com
Email Backup: vrplawgroupchicago@gmail.com
Web: www.vrplawgroup.com
Blog: www.bipeblawg.com
NFP: www.eebcitsjustbrunchclub.com

NON CONFIDENTIAL VERSION TO BE FILED AND COPYRIGHTS RETAINED 2015

## **Certificate of Service**

We Certify that the attached Response and Memorandum of Law In Opposition to the Defendants' Motion to Sea and attached Exhibits Case Law Found Lexis as required by Local Rules, on this February 17, 2015, upon the following individuals at the address and email below:

Charles Mudd,
Mudd Law Offices,
3114 West Irving Park, Suite 1W,
Chicago, IL 60618
cmudd@muddlawoffices.com

S:/Vihar R. Patel

NON CONFIDENTIAL VERSION TO BE FILED AND COPYRIGHTS RETAINED 2015

# **EXHIBITS**

# **LEXIS CASE LAW COPIES**

NON CONFIDENTIAL VERSION TO BE FILED AND COPYRIGHTS RETAINED 2015